### GEORGE E. GRAVES v. REUBEN R. RANGER.

#### *Evidence. Burden of Proof.*

In book account it appeared that some of the charges were of "goods" and "medicine". The auditor found that all the goods, &c., covered by the charges were sold and delivered, and that the sums charged therefor were reasonable, but that some part of the charges for "goods" and "medicine" were for intoxicating liquor sold in violation of law—what part the auditor was unable to find. *Held*, that the burden was on plaintiff to prove the validity and propriety of each item.

BOOK ACCOUNT. The plaintiff was a retail druggist, and some of the charges in his account were of "goods", others of "medicine", and others of other things, including some intoxicating liquor. An auditor was appointed, who reported that all the goods, &c., covered by the charges in the account were sold and delivered to the defendant, that the sums charged were reasonable, and that the credits in the account amounted to more than the charges of things other than "goods" and "medicine", but that a considerable part of the account, and some part of the charges of "goods" and "medicine", were for intoxicating liquor sold in violation of law. What parts were for liquor, the auditor was unable to determine. The plaintiff contended before the auditor that the burden was on the defendant to prove that any and if any what parts of the account were for liquor; but the defendant contended that, under the findings stated, it was on the plaintiff to prove what part of the goods and medicine charged consisted of legitimate merchandise. The auditor found that, if the burden was on the defendant, the plaintiff should recover $286.91, but that if it was on the plaintiff, the defendant should recover his costs; and referred the question of law as to the burden of proof to the court. The plaintiff excepted to the report, but the court, at the September Term, 1879, DUNTON, J., presiding, overruled the exception, and rendered judgment on the report, *pro forma*, for the defendant; to which the plaintiff excepted.

*P. R. Kendall*, for the plaintiff.

The question as to the burden of proof is immaterial. The auditor has found the facts regardless of it. In book account where the sale and delivery of the articles and the reasonableness of the charges are admitted or found, and the issue is whether some of the articles were not lawful subjects of sale, nothing would appear upon the issue but for the evidence of the defendant. The true test is that applied by ALDERSON, B., in *Amos* v. *Hughes*, 1 M. & R. 464. Under the findings the items of the account stand like so many promissory notes the execution of which is admitted. The burden is on the defendant. Best Ev. 497, 498 ; 1 Greenl. Ev. 44 ; Whart. Ev. s. 357 ; 1 Phil. Ev. 445, 493, 648, note ; 1 Stark. Ev. 418 ; *Bradish* v. *Bliss*, 35 Vt. 326 ; *Arthur* v. *Unkart*, 96 U. S. 118. The presumption of innocence applies here. POLAND, J., in *Bradish* v. *Bliss, supra ;* Whart. Ev. s. 1237 ; *Dyer* v. *Lincoln*, 11 Vt. 300 ; *Commonwealth* v. *Thurlow*, 24 Pick. 374.

There is no finding to support the charge of spoliation of evidence.

*J. C. Baker*, for the defendant.

An action cannot be maintained to recover for intoxicating liquor sold in violation of law. Gen. Sts. c. 94 ; *Howe* v. *Stewart*, 40 Vt. 145 ; *Streit* v. *Sanborn*, 47 Vt. 702. It appearing that a considerable part of the account was for liquor so sold, and that to some extent such sales were hidden under the charge of " goods ", &c., the burden was on the plaintiff to satisfy the auditor of what he had a right to recover. It is for the plaintiff to make out his right to recover.

The opinion of the court was delivered by

POWERS, J. The auditor finds that the credits allowable to the defendant exceed the charges in the plaintiff's account other than those embraced under the items charged as "goods " or " medicine ". As to the items charged as " goods " and " medicine ", the auditor finds that to some extent they cover intoxicating liquors sold contrary to law. Our statute prohibits the recovery of the

price of liquors illegally sold, but the plaintiff insists that the burden of proof is upon the defendant to show what items cover liquors, and that their sale to the defendant was illegal.   In criminal prosecutions under the liquor law, proof of sales is sufficient to establish guilt, without proving that the respondent has no license.   If the sale can be justified, the respondent must make out his justification.   The same rule applies to civil cases where the sale covers liquors.   The plaintiff wilfully, for purposes of his own, misnamed his items and charged his liquors under the general head of " goods " and " medicine ", and thereby worked his account into such confusion that neither he nor the auditor can distinguish the legal from the illegal charges.   The burden is upon him to establish the validity of each item of his account as a proper indebtedness against the defendant.   Failing this, he can have no recovery.   The misfortune of the plaintiff is like that of an owner who fraudulently intermingles his goods with those of another so that he cannot distinguish them.   The law will not relieve him, and he must bear his loss as the price of his folly.

*Judgment affirmed.*