State *v.* Wooley.

---

## STATE *v.* BENJ. H. WOOLEY.

*Criminal Law. Illegal Sale of Liquor. Specification. Agent for Sale of Liquor.*

1. SPECIFICATION—ILLEGAL SALE OF LIQUOR. Under an indictment for the illegal sale of intoxicating liquor, a respondent is entitled to a specification of offenses; but the character of the specification, with reference to extent and minuteness, is a matter of discretion of the trial court.

2. And it was not error to allow a witness to testify who was unknown to the state's attorney when the specification was made, and so not named in it.

3. TOWN AGENT FOR SALE OF LIQUOR—EVIDENCE. When a town agent is indicted for making illegal sales of liquor, evidence is admissible to prove that he sold to persons commonly reputed and known to be men of intemperate habits,

that he knew their reputation for drunkenness, and that he avoided selling to them when unlawfully engaged in the traffic of liquor prior to his appointment.

INDICTMENT charging the respondent with the illegal sale of intoxicating liquor. Trial by jury, September Term, 1886, VEAZEY, J., presiding. Verdict, guilty of three second offenses; and the respondent was sentenced as provided by law. The respondent requested the court to direct the state's attorney to furnish him with a specification with the number and nature of the offenses of which he was charged; when and where committed; to whom the intoxicating liquor was sold, furnished, or given away.

The specification stated that the state's attorney would claim that the offenses had been committed since the respondent was appointed agent for the sale of liquors of the Town of Rutland, which was May 4th, 1886; that the witnesses "summoned are * * * [naming several persons], and there are various other witnesses unknown to the state's attorney at present;" and that the state's attorney did not know the number of offenses that he could prove, but placed the number at two hundred, the same being conjectured. The respondent objected to the specification, claiming that it did not conform to his request; but the court sustained it, on the representation of the prosecuting attorney that it was as full as he was able to make it.

The court charged:

"The agent has authority to sell for medicinal, chemical and mechanical purposes only.

"His duty is not only to keep liquor and sell it for these purposes, but he must be reasonably diligent and careful not to be imposed upon and let liquor go for other purposes; and if he does not exercise such care, and persons thereby get and use liquor for other purposes, the agent is liable as for an unlawful sale.

"He is *not* liable for lack of care in a sale, if the other party, the purchaser, buys for a *lawful* purpose. He is liable if careless, as explained, when the liquor is bought and used for unlawful purposes."

*C. H. Joyce* and *J. D. Spellman*, for the respondent, cited *State* v. *Freeman*, 27 Vt. 523; *State* v. *Rowe*, 43 Vt. 265.

*F. S. Platt*, for the State, cited *State* v. *Bacon*, 41 Vt. 526; *State* v. *Davis*, 52 Vt. 376; *State* v. *Fisher*, 35 Vt. 584; *State* v. *Parks*, 29 Vt. 70.

The opinion of the court was delivered by

ROSS, J. While from the general form of charging the offense, and to prevent possible injustice in the administration of the law, the respondent, in this class of prosecutions, is entitled to a specification of offenses,—*State* v. *Conlin*, 27 Vt. 318; *State* v. *Freeman*, 27 Vt. 523,—the character of the specification, with reference to minuteness and extent of detail, is a matter of discretion of the trial court to be exercised with reference to the circumstances of the case. *State* v. *Bacon*, 41 Vt. 526; *State* v. *Rowe*, 43 Vt. 265; *State* v. *Davis*, 52 Vt. 376. This is too well settled, in this State, to require further elucidation. While conceding the general doctrine to be as stated, the respondent contends that there was error in allowing witnesses to testify who were not named in the specification. The state's attorney, after specifying the witnesses summoned, added, "And there are various other witnesses unknown to the state's attorney at present." It is the general form of charging the offense, prescribed by the statute, which gives the right to a specification. If the form of the indictment required as specific a statement of the offense as is required by the common law rules of criminal pleading, no further specification of the offense would be legally required. Hence, the respondent is not legally entitled to a more minute detail of statement of the facts necessary to constitute the offense in the indictment and specification, when taken together, than he would be entitled to in an indictment at common law. In an indictment at common law a good sale, furnishing, or giving away could be charged as made to a person unknown to. the grand jurors, and for that reason not named. In legal effect, this is the charge, in this respect, by the specifications fur-

nished. There was no legal error in allowing offences to be proved by or to such other unknown, and for that reason, unnamed witnesses.

The only other exception, now insisted on, is in reference to the objected testimony of Stearns, Peabody and Bailey. That testimony, in effect was, that the respondent, while agent for the town, for making sales of intoxicating liquors for lawful purposes, made sales to persons commonly reputed and known to be men who made an improper use of it; and that the respondent was well acquainted with the reputation and character of such persons, in respect to drunkenness, and avoided making sales to them when engaged in the traffic unlawfully, prior to his appointment. We think this is a fair statement of all that is contained in the exceptions with reference to the testimony of these witnesses. Clearly it had a tendency to establish illegal sales, or sales which the respondent ought to and did know were for illegal purposes. Such sales are as much a violation of the law, when made by an authorized agent, as when made by a person without authority. The agency only authorizes sales for three specified purposes. Sales, for all other purposes, are the grossest infractions of the law, when knowingly made by an authorized agent. They are a perversion of the law—a making of the law designed to prohibit, a cloak for perpetuating, the evil.

The respondent's exceptions are overruled, and judgment rendered that he takes nothing from his exceptions.