## BRIDGET McQUADE v. HENRY HATCH.

### Rutland County, 1893.

Before: Tyler, Munson, Start and Thompson, JJ.

*Proof of marriage. Intoxicating liquor. Civil damage occasioned by unlawfully furnishing. Evidence.*

1. The testimony of a person who was present at a marriage ceremony is admissible to prove the marriage.

2. In an action by the wife to recover damage resulting from the intoxication of her husband caused by liquor unlawfully furnished him by the defendant, evidence that the party, of which the husband was one, called for beer and drank what was furnished them by the defendant, and that the husband drank ale, tends to show that the defendant furnished the husband intoxicating liquor; and evidence that it was supplied as a beverage in a place provided with a bar and bottles and glasses tends to show further that it was unlawfully furnished.

Action under R. L. s. 3,833 to recover damages for the death of the plaintiff's husband resulting from intoxication caused by intoxicating liquor unlawfully furnished him by the defendant. Plea, the general issue. Trial by jury at the September term, 1892, Taft, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The evidence of the plaintiff tended to show that her husband and several others went into a room in the village of

Rutland on the 16th day of September, 1891; that the room was furnished with a counter, or bar, and with bottles and glasses; that the defendant and one other person were behind the bar serving out drinks as they were called for; that the party of which the husband was a member called several times for beer and drank what was furnished them by the defendant, and one witness testified that the husband drank ale.

At the close of the testimony the defendant moved for a verdict upon the ground that there was no evidence tending to show that the intoxicating liquor was unlawfully furnished. The motion was overruled and the defendant excepted.

To prove the marriage of the plaintiff the parol testimony of a person who was present at the marriage ceremony was admitted, to which the defendant excepted. ·

*Geo. E. Lawrence* and *P. M. Meldon* for the defendant.

*Butler & Moloney* for the plaintiff.

The fact of marriage was properly proven by parol. *Northfield* v. *Vershire*, 33 Vt. 110.

Evidence that the liquor was furnished as a beverage in a public saloon tends to show that its furnishing was unlawful. *State* v. *Wooley*, 59 Vt. 359; *State* v. *Nulty*, 57 Vt. 534.

MUNSON, J. This is an action to recover the damage sustained by the plaintiff through the death of her husband, as the result of intoxication caused by liquor unlawfully furnished by the defendant. We find no error in the rulings of the court below. The marriage could be established by the testimony of a witness who was present at the ceremony. Testimony of this character is direct evidence of the fact of marriage. 2 Greenl. Ev. s. 461. *State* v. *Hodgskins*, 19 Me. 155 (36 Am. Dec. 742). See *Northfield* v. *Vershire*,

33 Vt. 110. Testimony that the party in which were the witness and the deceased drank what was furnished upon a call for beer, and that what the witness drank was ale, was evidence tending to show that ale was furnished the deceased. Testimony that the liquor was sold as a beverage in a saloon containing a bar provided with bottles and glasses, was evidence tending to show that it was unlawfully furnished. It was not necessary for the plaintiff to go further and show that the defendant had no authority to sell. There could be no lawful sale without a license, and the possession of a license is matter of defense. But if the defendant had shown a license, the testimony referred to would have been evidence tending to establish an unauthorized sale. *State* v. *Nulty*, 57 Vt. 543; *Graves* v. *Ranger*, 52 Vt. 424; *State* v. *Woolley*, 59 Vt. 357.

*Judgment affirmed.*