# LAUER *v.* DISTRICT OF COLUMBIA.

CRIMINAL LAW ; BILL OF PARTICULARS ; SELLING LIQUOR WITHOUT
A LICENSE.

1. In prosecutions for selling liquor without a license, the prosecu-
tion may on motion of the accused be required to file a bill of
particulars of the times, places and circumstances of the offence ;
but the granting of such a motion is within the sound judicial
discretion of the trial court.
2. Whether in a given case wherein such discretion is palpably abused
so as to work manifest injustice, the action of the trial court is
reviewable on appeal, *quære.*
3. When in such a case the guilt of the accused is not made to turn
upon a single act of sale to any one person, but upon a course
of conduct tending to show he was a common seller of liquor
during the period charged in the information, the refusal of
the trial court to require a bill of particulars is not error.
4. A general revenue and remedial statute is to be given a liberal
and reasonable construction, in aid of the remedy.
5. Under the act of Congress of March 3, 1893 (27 Stat. 567), the
furnishing by a boarding house keeper to his boarders and
customers of beer with their meals and lunches, and without
its being specially called or contracted for, is a sale thereof,
which if made without a license is punishable.

No. 729.  Submitted November 1, 1897.  Decided November 16, 1897.

IN ERROR to the Police Court of the District of Columbia.
*Judgment affirmed.*

The facts are sufficiently in the opinion.

*Mr. A. A. Lipscomb* and *Mr. Charles H. Turner* for the
plaintiff in error.

*Mr. S. T. Thomas,* Attorney for the District of Columbia,
and *Mr. A. B. Duvall,* Assistant Attorney, for the defendant
in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The plaintiff in error, John H. Lauer, was convicted

in the Police Court under an information charging that on May 5, 1896, "and on divers other days and times," between the said 5th day of May and the 9th day of June, 1897, in the District of Columbia, he "did engage in the sale of intoxicating liquors in quantities less than five gallons, at the same time, to be drunk on the premises, without first having obtained a license so to do," and so forth. The petition for the writ of error was specially granted under the act of Congress of March 2, 1897. 29 Stat. 607.

The information was presented under the twelfth section of an act regulating the sale of intoxicating liquors in the District of Columbia, approved March 3, 1893 (27 Stat. 567). That section, so far as relevant to the points of the case, reads thus: "That anyone engaging in the sale of intoxicating liquors as specified in this act in the District of Columbia, who is required by it to have a license as herein specified, without first having obtained a license to do so as herein provided, or any person who shall engage in such sale in any portion of the District where the sale thereof is prohibited, upon conviction thereof shall be," and so forth.

2. The first question is on the bill of exceptions taken to the order of the court denying a motion of the defendant to require the prosecution to file "a bill of particulars setting forth the names of persons to whom sales of intoxicating liquors are alleged to have been made by the defendant, and the dates of said sales." No motion was made to quash the information, and its general sufficiency has been conceded.

It seems to be well established that in cases of this and kindred character, the trial court may, on motion of the defendant, require the prosecution to file a bill of particulars informing the defendant with more certainty than is found in the information, in respect of the times, places and circumstances of his offence. 1 Bishop Cr. Prac., Sec. 643; *Commonwealth* v. *Wood*, 4 Gray, 11; Wharton Cr. Pl. & Pr., Secs. 701–703. The author last named, while insisting

upon this as a right of the defendant, couples it with the not unreasonable condition that he shall first have made an affidavit that, from the generality of the charge, he is unable to make his defence. And it would seem to follow that specifications ought to be ordered in all cases where it may be made to appear that the nature and circumstances of the offence charged reasonably admit of more definite assignment; and also, that the defendant may be unreasonably embarrassed and prejudiced by reason of the unnecessary generality of the charge against him. But notwithstanding this doctrine is generally maintained, the great weight of authority upholding it also sustains the proposition that the grant of such a motion is a matter resting entirely in the sound discretion of the trial judge, and that its refusal is not subject to review in the appellate court. See authorities above cited and also *People* v. *McKinney,* 10 Mich. 54, 92; *State* v. *Woody,* 59 Vt. 357.

However, we are not called upon now, nor are we prepared to go the length of holding that there may not be cases of such palpable abuse of discretion, working manifest injustice, that would require an exception to be made to this general rule. No such abuse of discretion, no such injustice, appear in the record of this case. The guilt of the defendant was not made to turn upon a single act of sale to any one person, but upon a course of conduct tending to show that he was a common seller of liquors during the period charged in the information.

It is true there was evidence on the part of one witness of three or four special purchases of drinks of liquor by him from the defendant; and if the conviction depended upon his testimony there might be color for the complaint of surprise and consequent injury worked through the denial of the motion.

But the witness discredited himself, and his testimony was completely ignored in the charge to the jury that has been excepted to.

Evidence was given by several witnesses tending to show that the defendant kept a grocery store and boarding house; and that he was in the habit of setting a bottle of beer beside each plate upon his table, at meal times. It was also shown that he sold lunches to customers and included beer therewith. Parties paid for their lunches, but not for the beer; that is to say, no separate or independent charge was made for the beer.

Whatever expectations the defendant's boarders and customers may have had, there is no evidence to show that beer was specially called for or contracted to be furnished. Defendant made no effort to deny or explain these practices, and based his defence, as we shall see, upon the legal ground that they did not constitute a violation of the law. It is not perceived how he could, reasonably, have been surprised by the evidence, or unjustly deprived of a legal right by the denial of his motion.

3. The second and last assignment of error is founded on exceptions taken to the instructions given and refused on the trial, in application to the above facts stated.

Defendant asked an instruction that "a sale in the eyes of the law must be for money or a promise of money, and that a gift of beer to the defendant's boarders, if *bona fide*, at their meals, is not such a sale; nor is such a gift in payment of wages a sale."

This was refused, and the court instructed the jury as follows: "If you believe from the evidence that the defendant, Lauer, made a business of furnishing beer or intoxicating liquors to his boarders at their meals, such action on his part would be engaging in the sale of intoxicating liquors, under the law, and you should convict, whether the liquor was paid for by them or not. Under the law of this District such disposition of liquor makes a sale. . . . An occasional gift of liquors to his boarders would not be a violation of law."

The correctness of this charge is not to be tested by the

technical meaning, in law, of the word sale. The question is, what is the meaning of the word as used in the act of Congress under which the defendant has been convicted?

We think there is but one reasonable answer, and that appears in the charge complained of. The statute was enacted with the double purpose of increasing the revenues of the District and providing a remedy for many of the evils that experience had shown to attend the unrestrained traffic in liquors, at retail, to be drunk upon the premises where sold. Notwithstanding the penal clauses, without which it would be a dead letter, the act is to be regarded as a general revenue and remedial statute, and given a liberal and, at the same time, reasonable construction, in aid of the remedy, rather than a strict and narrow one in the interest only of those who violate or evade its provisions.

Turning to the first clause of the first section of the act, we find its object thus comprehensively stated: "That no person shall sell, offer for sale, or traffic in, barter or exchange for goods, in the District of Columbia, any intoxicating liquors except as hereinafter provided."

Read in connection with the foregoing, it is plain that the word sale, as used in section 12, was intended to be given meaning, generally, as any act whereby liquors shall be disposed of by one person to another under circumstances, not within the special exceptions of the act, and not plainly showing a mere friendly gift or "treat." The acts of this defendant in furnishing beer to his boarders and to customers, with their meals and lunches, can not be regarded as such a gift. It was nothing but a device whereby he sought to escape compliance with the regulations in respect of licenses, as well as to evade the positive prohibition of the sale of liquors within a mile of the Soldiers' Home.

The judgment of the Police Court is right and must be affirmed, with costs to the appellee; and it is so ordered. *Affirmed.*