State *v.* Brown.

---

The State *v.* Edmund Brown.

*Intoxicating Liquor.   Information.   Demurrer.*

Under the statute it is proper to join the offence by sale, and that by giving away intoxicating liquor, in the same count.

The form of complaint that the respondent " did sell, furnish and give away," &c. held good upon demurrer.

This was an information in one count for a violation of the statute relating to the sale of intoxicating liquor.   The informa-

tion alleged that the respondent " did at divers times sell, furnish and give away intoxicating liquor without authority, &c. The respondent demurred to the information. The court, September Term, 1863, PIERPOINT, J., presiding, overruled the demurrer, and adjudged the information sufficient,—to which the respondent excepted.

*Jeremiah French*, for the respondent,

*Russell S. Taft*, State's Attorney, for the State.

BARRETT, J. This is a prosecution under § 9 ch. 94 Gen. St. The complaint is that the respondent "did, at divers times, sell, furnish and give away intoxicating liquors," &c. The objection taken under the demurrer is, that the complaint is bad for duplicity, by alleging commission of at least two separate offences.

We do not feel called upon to enter very fully into the discussion of common law rules as applicable to the pleadings in criminal prosecutions. The legislature have industriously endeavored to relieve the administration of the liquor law from questions of this character, by enacting a code of procedure peculiar to this law. And while we recognize the common law rules as in full force in the administration of other criminal or penal statutes, we feel bound to give the statutory provisions of the law in question their just scope and force.

Sec. 9 enacts, that if any person shall sell, furnish, or give away any intoxicating liquor, &c., he shall forfeit and pay the prescribed penalties. This is the same as the 9th sec. of the original act of 1852.

Sec. 14 enacts, that in prosecutions under sec. 9, "the respondent if he pleads guilty, shall state in his plea the number of offences of which he is guilty, and in such prosecutions, no more than one count shall be required, and no costs shall be allowed to any state's attorney, or taxed against any respondent for any additional counts in such prosecutions."

Sec. 28 gives the form of a complaint under sec. 9, that " E. F. did, at divers times, sell, furnish or give away," (as the case may be.) In sec. 30 it is enacted, that, "it shall not be necessary to set forth more particularly the kind or quantity of intoxicating

liquor, nor the nature, date or place of the offence,"—and that, under said complaint, " every distinct act of selling, furnishing or giving away may be proved," &c.

From this series of provisons it seems clear that the legislature intended to leave technical rules to be used in other cases, but not to be invoked in this. And it seems equally clear that only a single count was necessary in order to charge, and admit proof of, any number of offences, whether of selling, or furnishing, or giving away,—that under such single count offences by either or all of the three modes of violating the 9th section might be proved.

The form given in sec. 28, implies, and is conformable to this view. If no form had been given, we think the other provisions would have resulted in the same thing ; and as matter of course, the form given is to be so varied in its details as to effectuate those provisions.

The changing of the word " *or* " into " *and*,"—the disjunctive or alternative into the conjunctive—is required not only to answer the reqirements of the other provisions, but is in conformity with the general rules of pleading, when it is permitted or required to embrace in the same count the averment of several distinct acts, each constituting a crime of the same character and penalty, and which consisted in the transaction, intended to be, and is in fact covered by the one or the other of the alleged acts, as in the 1st count in the indictment against Wilkins, 17 Vt. 151, where it is alleged that he did utter, pass, and give in payment a certain false, forged and counterfeited bank note.

But the objection is, not that the word is thus changed—but that the count embraces two separate offences ; and it is insisted that it is not warrantable to join the offence by sale, and that by giving away in the same count. Whatever we might think of this objection, if it stood upon the rules of the common law, we are quite well satisfied that the State's Attorney has acted in strict conformity with the provisions and intent of the statute, in adopting this form of count. He had additional warrant for this in what was held and said by the court in *State* v. *Parker*, 26 Vt. 357 ; and in *State* v. *Freeman*, 27 Vt. 523. Those cases were under the original act, in which the same form is given,

but which does not contain the provision as to only one count being necessary. In the case of Parker there was but one count, and that was for "*selling* and *furnishing*"—under which it was held that several offences might be proved ; and though the point was not raised, it seems unquestionable that acts of *giving away*, as well as acts of *sale*, might have been proved under that count.

In State against Freeman, the court, by implication at least, discountenanced the attempt of the State's Attorney to observe technical rules by making counts applicable to the different modes of committing the offence prohibited in sec. 9, instead of using a single count, including " selling, furnishing and giving away " using the very language adopted in this complaint, and embracing it in quotation marks, as being the language proper, *in totidem verbis*, to be used, under the statutory provisions.

Without taking more time we hold the information in this case to be good, and that the respondent take nothing by his exceptions. The demurrer is overruled, and the case remanded to the county court for the respondent to plead.