## STATE OF VERMONT *v.* ROBERT C. ROWE, APPELLANT.

*Intoxicating Liquor.    Pleading.    Specifications.    Evidence.*

In prosecutions under the liquor act the accused is entitled to a specification of the offenses for which the government claims a conviction.

The prosecuting attorney having filed specifications in the city court, Burlington, which became a part of the record and were entered in the county court, on the appeal, and having filed no additional specifications there; *held* limited in his proof of offenses by the specifications filed in the city court.

THIS was a prosecution for violation of the provisions of section nine of chapter ninety-four of the General Statutes, relating to the sale, &c., of intoxicating liquor. The prosecution was commenced in the city court of the city of Burlington, and came to the county court by appeal. Trial by jury, September term, 1869, Chittenden county, PIERPOINT, C. J., presiding.

In the county court the respondent filed a general demurrer to the complaint, which was overruled. Thereupon a question arose as to the judgment to be rendered, and the extent of the fine, and the number of offenses, &c., and the court, against the objection of the respondent, ordered a jury to be empaneled to hear the testimony and determine the number of offenses of which the respondent was guilty. To this the respondent objected, insisting that it was for the court to pass sentence upon the case as it stood upon the record. But this objection was overruled and a jury was empaneled.

34

Before the introduction of any testimony in the city court, the prosecuting attorney, pursuant to an order of court made on motion of the respondent, filed a specification of the offenses for which he claimed a conviction. This specification was part of the record of the proceedings in the city court, which was entered in the county court, and no other specification was filed. On trial in the county court, the prosecuting attorney offered to prove other offenses than those particularly mentioned in the specification, by witnesses not examined in the city court (nor named in the specification). To this testimony the respondent-objected, but the objection was overruled, and the testimony of several witnesses, not examined on the trial in the city court nor named in the specification, was introduced, tending to show sales of intoxicating liquor to other persons than those named in the specification.

The jury returned a verdict that the respondent was guilty of seven offenses, and upon this verdict the court adjudged the respondent to be a common seller, and, against the respondent's objection, sentenced him to pay a fine of one hundred dollars and costs. To all which rulings, decisions, and refusals of the county court the respondent excepted.

Against the objection of the respondent, the court permitted the prosecuting attorney to introduce evidence of what a witness since dead testified in this case, before the city court. To which ruling the respondent excepted.

*E. R. Hard* and *R. H. Start*, for the respondent.

*Daniel Roberts*, state's attorney, for the state.

The opinion of the court was delivered by

WILSON, J. The exceptions in this case present two questions for the consideration of the court : one relates to the ruling of the county court under which testimony was admitted to show sales of intoxicating liquor to other persons than those named in the specification filed in the city court, and the other relates to the trial and sentence of the respondent after the demurrer was over-

# NOVEMBER, 1870. 267

ruled. In prosecutions for the offenses charged, it has been repeatedly decided by this court, that the form of a complaint, information or indictment given in the statute is sufficient, where the only descriptive averments of the offense are, that the accused " did, at divers times, sell, furnish and give away intoxicating liquor," and that only a single count is necessary in order to charge, and admit proof of, any number of offenses, whether of selling, furnishing or giving away such liquor. The legislature have, by statutory provisions, relieved the administration of the liquor law from the common law rule, which does not allow more than one offense to be charged in a single count. The statute not only gives the form in which such offenses shall be charged, viz., that the accused " did, at divers times, sell, furnish and give away intoxicating liquor," but it also declares that it shall not be necessary to set forth more particularly the kind or quality of intoxicating liquor, nor the nature, date or place of the offense. From a charge so general, it is evident that many cases may arise where the accused would labor under serious embarrassment in preparing his defense and defending against the prosecution, if compelled to go to trial without any information, except what could be inferred from the complaint alone, as to the number of offenses for which conviction would be claimed. In prosecutions under these provisions of the statute, we think the accused is entitled to a specification of the offenses for which the government claims a conviction. In the case of *Commonwealth* v. *Giles*, 1 Gray, 466, the court decided that whether such a specification shall be made is a question within the discretion of the court where the cause in which it is asked for is pending, to be judged of and determined upon the peculiar facts and circumstances attending it. It has been ruled in this state, that in this class of cases the accused is entitled to a specification of the offenses charged in this general form of complaint. *State* v. *Conlin*, 27 Vt., 319 ; *State* v. *Freeman*, 27 Vt., 525 ; *State* v. *Bacon*, 41 Vt., 526. It would seem that this ruling was made with the view of satisfying the provision of the 10th article of the bill of rights of our state constitution, which gives the accused, in all prosecutions for criminal offenses, a right " *to demand the cause and nature of his accusation.*" In

*State* v. *Bacon, supra,* the court say, " But this (the specifica-
tion) is always, in prosecutions of this character, a matter of dis-
cretion with the court, to be exercised with reference to the
circumstances of the case." In this case it is not claimed that
the county court refused to order a specification, or that the one
filed was not sufficiently certain as to the offenses therein men-
tioned. But the respondent's objection is, that the court admitted
proof of offenses not mentioned in the specification which had
been filed in the case. The case states that before the introduc-
tion of any testimony in the city court, the prosecuting attorney,
pursuant to an order of that court, made on motion of the re-
spondent, filed a specification of the offenses for which he claimed
a conviction. This specification, the case states, was part of the
record of the proceedings of the city court, which was entered in
the county court, and no other specification was filed. It would
seem that this specification was satisfactory both to the govern-
ment and the respondent for the purposes of the trial in the city
court. If it was not sufficient for the purposes of the trial in the
county court, we think that court, in their discretion, could have
allowed an amendment of it, or ordered a new specification, on
motion of either party. But no such motion or request was made,
and the court made no order upon the subject. This being so, the
respondent had a right to rely upon the specification in the record,
as notice of the offenses in proof of which testimony would be
offered, and to claim that the prosecutor should be confined, in his
proof, to the offenses so specified. Unless the evidence is thus
confined, the respondent could derive but little benefit from a
specification, while it might serve to mislead him. We think the
testimony offered to prove other offenses than those mentioned in
the specification should have been excluded, that the court below
erred in admitting it, and on this ground the judgment of the
county court must be reversed.

The other questions, as to the proceedings of the county court
after judgment overruling the demurrer, are immaterial under the
act of 1870 (No. 58).

The judgment of the county court is reversed, and the cause
remanded.