State *v.* Davis.

### STATE *v.* JAMES C. DAVIS.

*Grand Juror's Complaint. Gen. Sts. c. 15, s. 87. Pleading. Variance. Practice. Specification. Discretion. Waiver.*

A grand juror's complaint was in usual form except that the grand juror's name was omitted from the body of the complaint, and appeared only at the end, by way of official signature thereto. *Held,* that as it appeared to be addressed, &c., by a grand juror "under his oath of office and official signature", as required by s. 87, c. 15, Gen. Sts., it was sufficient.

The complaint, which was under s. 9, c. 94, Gen. Sts., for selling, &c., alleged that on May 31, the respondent "was once *before* convicted of selling", &c. The State offered in evidence a copy of a record of a former conviction on May 31. *Held,* that the allegation was of a conviction on May 31, and that there was no variance.

The respondent moved for a specification, and one was furnished. He then objected to it as too indefinite, but the court adjudged it sufficient. *Held,* matter of discretion and not revisable.

*Semble,* however, that the specification, which was of "selling, furnishing, and giving away intoxicating liquor five different and distinct times on each and every successive day of each and every successive month" of certain years "to each and every person" whose name was appended thereto, was not such as should have been furnished.

The jurors did not take the oath prescribed to be administered in criminal causes, but the oath prescribed in civil causes was administered to them at the beginning of the term. The respondent's counsel was not aware of the omission until some progress had been made in the trial; and the respondent was not present at any part of the trial, and had no knowledge of the omission. The respondent moved to set the verdict aside. *Held,* no waiver in proceeding with the trial.

THIS was a complaint under s. 9, c. 94, Gen. Sts. for selling, furnishing, and giving away intoxicating liquor, appealed from the

judgment of a justice of the peace. Plea, not guilty, and trial by jury at the September Term, 1879, ROYCE, J., presiding.

The complaint was in usual form, except that the name of the grand juror was omitted from the body of the complaint, and appeared only at the end by way of official signature thereto. Before the jury was impanelled, the respondent moved to quash the complaint, for that it was not addressed to the justice by any authority, and for that the name of the grand juror did not appear in the body but only at the end of the complaint. The court overruled the motion, and adjudged the complaint sufficient ; to which the respondent excepted. The complaint alleged that on May 31, 1877, the respondent " was once before convicted of selling", &c. The State offered in evidence a copy of a record of a conviction of one first offense on May 31, 1877, to the admission of which the respondent objected, for that the allegation of the complaint was insufficient, and the record variant therefrom ; but the copy was admitted ; to which the respondent excepted.

It appeared that a trial had already been had in the County Court resulting in a disagreement of the jury, and that before that trial the respondent had moved for a specification, which was filed. The specification was of " selling, furnishing, and giving away intoxicating liquor five different and distinct times on each and every successive day of each and every successive month of the year 1876, 1877, and 1878, respectively, to each and every person " whose name was appended thereto, and it closed with a list of names. The respondent objected to the specification, for that it was too indefinite ; but the court overruled the objection and adjudged the specification sufficient ; to which the respondent excepted. The oath prescribed by statute to be administered in criminal causes was not administered to the jurors, but the oath prescribed to be administered in civil causes was administered to them at the beginning of the term. The respondent was not present at any time during the trial, and had no knowledge of the omission to administer the oath ; and the respondent's counsel was also unaware of the omission until the trial had progressed some time. The jury found the respondent " guilty of two second offenses", and the respondent before judgment moved to set the

48

State *v.* Davis.

verdict aside, for that the oath prescribed by law to be administered in criminal causes was not administered to the jury. The court overruled the motion, *pro forma*, and rendered judgment on the verdict ; to which the respondent excepted.

*F. W. McGettrick*, for the respondent.

The motion to quash should have prevailed. The complaint on its face showed no authority in the signer of it to prosecute. *State* v. *Soragan*, 40 Vt. 450.

The record of former conviction was improperly admitted. The allegation was of a conviction prior to the one thereby shown.

The specification gave no more notice than the complaint itself. It was insufficient. *State* v. *Rowe*, 43 Vt. 267, and other cases.

The verdict should have been set aside. Gen. Sts. c. 128, s. 1 ; *Patterson* v. *State*, 2 Eng. 59 ; *Sandford* v. *State*, 6 Eng. 328 ; *Dixon* v. *State*, 3 Iowa, 416 ; *State* v. *Rollins*, 2 Fost. 528, and other cases.

*C. P. Hogan*, State's attorney, for the State.

The complaint was presented by a town grand juror " under his oath of office and official signature ", and was sufficient. Gen. Sts. c. 15, s. 87.

The allegation of the former conviction was sufficient. Gen. Sts. c. 94, s. 28 ; Sts. 1872, No. 24.

The specification was sufficient ; but whether it was or not, it was within the discretion of the court to order other ones, and the action of the court therein should not be revised. *State* v. *Bacon*, 41 Vt. 526.

The right to object because of the non-administration of the oath was waived by allowing the cause to proceed to verdict. 1 Bishop Crim. Proced. 422 ; *United States* v. *Sacramento*, 25 Am. 744 ; *State* v. *Meader*, 47 Vt. 78, and numerous other cases.

The opinion of the court was delivered by

Ross, J. I. " Presentments by a grand juror shall be made under his oath of office and official signature to a justice by information in writing." Gen. Sts. c. 15, s. 87. This provision is

substantially complied with by the complaint in this case. It is addressed to a justice of the peace by name, by a grand juror on his oath of office, over his official signature. The statute does not require that the grand juror's name should be inserted in the body of the complaint. It is usual to insert it, but it is not made essential by the statute. The complaint was sufficient in this respect on a motion to quash.

II. The exception to allowing evidence of the former conviction on the ground that the complaint was defective, and that there was a variance between the complaint and evidence, is not well taken. The statute only requires a former conviction to be set forth substantially, and provides that " any mistake, omission, or error in setting it forth, may be corrected, supplied, or amended on trial." Gen. Sts. c. 94, s. 28. The only reasonable criticism on the sufficiency of the complaint in this respect arises from the use of the word " before". If that word was omitted, the allegation would contain the exact element required by the statute. The respondent claims that its use makes the alleged conviction without date, except that it was before May 31, 1877. But such is not the natural nor apparent meaning of the allegation. Obviously the word " before " has reference to the time of the exhibition of the complaint, and not to the time of the former conviction, which is alleged to have occurred May 31, 1877.

III. The exception in regard to the indefiniteness of the specification is not revisable in this court. In *State* v. *Bacon*, 41 Vt. 526, it is said : " It was undoubtedly in consequence of the general form of charging the offense, and to prevent possible injustice in the administration of the law, that the court in *State* v. *Conlin*, 27 Vt. 318, and in *State* v. *Freeman*, 27 Vt. 523, held that the accused was entitled to a specification of offenses. But this is always, in prosecutions of this character, a matter of discretion with the court, to be exercised with reference to the circumstances of the case." There is much good sense in the rule thus enunciated. The court conducting the trial can judge much better than any other tribunal, the means and opportunity which

the State's attorney has for furnishing definite specifications; as well as the necessity which the respondent has for requiring them, to enable him fairly to try the case. The witnesses in this class of cases are often reluctant to reveal to the prosecution any facts to enable it to make definite specifications, beyond a statement of the names of the witnesses to whom sales are expected to be proved; and to require the prosecution to be limited to a particular day for each offense expected to be proved, would operate, not to prevent injustice, but to defeat justice. Notwithstanding the difficulty and impracticability of requiring the utmost precision in specifying the time and place of the commission of the offenses expected to be proven, the prosecution should be required to furnish the respondent a fair specification, and one as definite in these particulars as it had the means of furnishing. Beyond furnishing the names of the witnesses, the specification in the case at bar was mere shunage, and should not be tolerated by any court. It was not an attempt to furnish in good faith a specification of the times and places of the commission of the offenses expected to be proven. The case had been tried by the justice, and once by the County Court, and there would seem to have been no occasion for such indefiniteness, and also no apparent necessity for the requirement of a specification by the respondent. Possibly the County Court entertained this latter view, and so refused to order any more definite specifications. This class of cases is no exception to the generality of criminal cases; and prosecutors and respondents should be required to deal with each other in regard to specifications and all other matters with fairness and in good faith. We have been led to say thus much, lest, by passing the matter in silence, this court might be thought to give countenance to such an utter failure to comply in fairness with an order which the respondent had the legal right to have made.

IV. The most serious exception arises on the motion for a new trial. It appears that the oath required to be administered to jurors in criminal cases was not administered to the jury who tried the respondent. They had received the ordinary oath, prescribed in civil cases. But this was no compliance with the law

requiring the criminal oath to be administered to the jury in each criminal case tried. This oath is not only a summary of the duties of the jurors, but is also the only security which the State and the respondent have for a faithful, fearless discharge of those duties. It has been so regarded for many centuries. By the common law, in a criminal case the jury is not regarded as impanelled until the oath is administered. The general, if not universal, current of the decisions hold that a trial by an unsworn jury is a mistrial. It is not a legal trial, a right which every respondent is entitled to have accorded him. It is not contended by the counsel for the State that the verdict rendered by such a body of men, —for they cannot be called legal jurors in the case,—can be upheld, except upon the doctrine contended for by him, that because the respondent's counsel knew before the close of the trial that the jury had not been sworn, it was a waiver of his right to require that they should be sworn. Nor does he contend that this doctrine applies in cases where one of the higher crimes is charged. But it is contended that in misdemeanors, although no case in point is cited, very many things may be waived by the respondent, and, by analogy, the oath of the jury. The offense with which the respondent was charged arose under the law to regulate the sale of intoxicating liquors, which has been held to be in the nature of a police regulation, and of such a character that the Legislature might refuse to accord him the common-law right of trial by jury, and, therefore, it is argued that he may waive that right. This argument is of little avail, inasmuch as the Legislature has conferred the right to such a trial. In this class or grade of offenses, the respondent is allowed to plead by attorney, to waive the right to be confronted with his accusers and the witnesses against him, and to do some other things which would not be accorded were he on trial for a felony ; but he must do it intelligently and deliberately. There are also other rights secured to a respondent, like the right to be tried in a particular town, which, when accused of a misdemeanor, he might and would waive, if he went to trial without insisting upon them. *State* v. *Meader*, 47 Vt. 78. He may concede that witnesses, if called, would swear to particular facts, and waive their produc-

tion, or waive the administration of the oath to a particular witness, and allow his unsworn statement to be received and weighed by the jury against him. *United States* v. *Sacramento*, 25 Am. 744. But all such waivers are distinguishable from the one claimed in the present case. We are asked in substance to hold, that by allowing the trial to proceed after his attorney knew that the jury had not been sworn, the respondent waived the right to be tried by a legal jury,—the very right which the Legislature had given, and which the court were endeavoring to accord to him. In such case the jury, being both judges of the law and facts, become a most important factor of a legal court to determine the guilt or innocence of the accused. If a respondent can waive so essential and vital a right, he should do it fairly and knowingly. He should not be held to have done it by implication, or by silence merely. On the motion, we think the County Court should have treated the trial as a mistrial, and have awarded the respondent a new trial.

The exception to the overruling of the motion is sustained, the verdict set aside, a new trial granted, and cause remanded.