## STATE *v.* HORACE M. MEADER.

*Ex post facto law. No.* 39, *Acts of* 1886. *No.* 36, *Acts of* 1888.

No. 39, Acts of 1886, provided a penalty for intoxication. No. 36, Acts of 1888, provided a different penalty, and repealed the act of 1886 without any saving clause as to offences already committed. *Held,* that there could be no conviction for an offense committed before the act of 1888 took effect.

This was a complaint for intoxication. Heard at the September Term, 1889, Ross, J., presiding, upon the respondent's motion to quash. The motion was denied and the respondent excepted. The case appears in the opinion.

*Wing & Fay,* for the respondent.

There can be no conviction under the statute in force when the offense was committed, for that has been repealed, and there can be none under the present statute, for that was not then in force. Bish. Stat. Cr., ss. 168, 177 and cases cited; *Commonwealth* v. *Marshall,* 11 Pick. 350; *Commonwealth* v. *Kimball,* 21 Pick. 373; *Commonwealth* v. *McDonough,* 13 Allen, 581; *Commonwealth* v. *Pattee,* 12 Cush. 501; *Inhabitants of Saco* v. *Gurney,* 34 Me. 14; *Heald* v. *State,* 36 Me. 62; *Calkins* v. *State,* 14 Ohio St. 222; *State* v. *Daley,* 29 Conn. 272; *Hartung* v. *People,* 22 N. Y. 95; 26 N. Y. 167; *Ratzky* v. *People,* 29 N. Y. 124.

*E. W. Bisbee,* State's Attorney, for the State.

The opinion of the court was delivered by

Munson. J. The respondent is charged with having been found intoxicated on the 28th day of May, 1888. The complaint is founded on No. 39, Acts of 1886. By No. 36, Acts of 1888, approved Nov. 27th, other provision was made for the punishment of intoxication, and the act of 1886 was expressly repealed. The repealing statute contains no saving clause as to

State *v.* Meader.

offenses previously committed. There is consequently no law under which the respondent can be punished. The law by which intoxication was punishable at the time of the respondent's offense is no longer in force. The law by which intoxication may now be punished did not exist when the respondent was found intoxicated. The respondent cannot be convicted under a statute which has been repealed. Neither can he be convicted under a statute enacted since the commission of his offense. *Commonwealth* v. *Marshall*, 11 Pick. 350 ; *State* v. *Daley*, 29 Conn. 272; *Hartung* v. *The People*, 22 N. Y. 95.

*Judgment reversed, complaint quashed, and respondent discharged.*