# STATE v. EDWARD HODGSON.

## GENERAL TERM, 1893.

*Motion to quash. When reviewable in supreme court. Pre
sumption in favor of judgment below. Intoxicating
liquor. Evidence. Motion in arrest. When
filed. What it reaches. Offences against
prohibitory law. Police regula-
tions. Constitutional Law.*

1.  Upon exceptions to the action of the county court in over-
    ruling a motion to quash, the respondent is confined to the
    same ground of objection in the supreme court which he
    urged in the county court.

2.  It would seem that the supreme court may revise the action
    of the county court in denying a motion to quash, where
    that court proceeded as a matter of law.

3.  Unless the exceptions show the contrary it will be presumed
    in this court that the trial court, in overruling a motion to
    quash, denied the motion as matter of discretion and not
    as matter of law.

4.  Upon trial for the illegal furnishing of intoxicating liquor, the
    respondent cannot show a parol agreement between himself
    and the prosecuting officer that all offences prior to a cer-
    tain date should be merged in a conviction based upon a
    plea of guilty. The record of such prior conviction is the
    best and only evidence.

5.  A motion in arrest cannot properly be filed in the supreme
    court in the first instance, but should be filed in the trial
    court and pass upon exceptions to the supreme court. In
    the present case, however, inasmuch as this court might
    remand the cause to the county court for the purpose of
    allowing the motion to be filed there, and in consideration
    of the far reaching effect of the motion, a motion in arrest

filed in the supreme court was considered as though properly before that court.

6. A motion in arrest does not reach every defect in the record which would be reached by a general demurrer, but only those which are not cured by the verdict.

7. The same substantive allegations in the pleadings are required in charging offences against the prohibitory law as in the highest crimes.

8. The regulation or prohibition of the traffic in intoxicating liquor is a police power inherent in the several states, and each state may enact such laws in respect thereto as it deems best, provided no constitutional right is thereby invaded.

9. R. L., s. 3802, providing a penalty for the furnishing of intoxicating liquor, is a police regulation, and offences under it are misdemeanors, notwithstanding that the penalty may be imprisonment in the house of correction.

10. In enforcing its statutes upon internal matters a state may vary the common law procedure and may adopt methods of its own so long as it does not invade the fundamental rights of the citizen.

11. R. L., s. 3859, provides that a complaint or information for a violation of s. 3802 shall charge that the respondent "on the............day of..............at............did at divers times sell, furnish or give away intoxicating liquor," etc. R. L., s. 3860, provides that " Under the foregoing complaint every distinct act of selling, furnishing or giving away may be proved, and the court shall impose a fine for each offence." *Held*, that under a complaint in the above form the prosecutor might show both a sale and a giving away, and that the foregoing statutes permitting it were not unconstitutional.

12. *Held*, further, that the procedure prescribed by these statutes was not unconstitutional for that it did not require the circumstances of the offence to be set forth with sufficient particularity, as by stating the name of the person to whom the sale was made, the kind of liquor sold, the price paid, etc. Any practical difficulty from this source has always been obviated by requiring the prosecutor to furnish a specification.

13. Objections of this kind to the sufficiency of the information cannot be raised by motion in arrest, for those defects, if they are defects, are aided by the verdict.

14. The statutes of Vermont enacting that cases of this class shall stand for trial the first term, that a contiuuance shall not be allowed without cause shown, and that a *nolle prosequi* shall not be entered without cause, and only with the consent of the court, have not deprived the respondent of a trial by due process of law, and are not for that reason unconstitutional.

15. The prohibitory law of Vermont does not contravene the constitution of Vermont in imposing excessive fines or cruel and unusual punishments.

16. The eighth amendment of the constitution of the United States does not apply to state, but to United States statutes, and is not, therefore, applicable in this case.

17. The prohibitory law of Vermont does not contravene the fourteenth amendment of the constitution of the United States in depriving any person of life, liberty or property, without due process of law.

Information for the illegal furnishing of intoxicating liquor. Plea, not guilty. Trial by jury at the June term, 1889, Addison county, TAFT, J., presiding. Verdict, guilty.

The information was as follows :

"Be it remembered that Frank L. Fish, state's attorney within and for said county, comes here into open court, in his own proper person, and upon his oath of office gives said court to understand and be informed that Edward Hodgson of Orwell, in the county of Addison and state of Vermont, on the 7th day of June, A. D. 1892, at Orwell, in the county of Addison aforesaid, did at divers times sell, furnish and give away intoxicating liquor, without authority, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state.

"And the said state's attorney, on his oath aforesaid, comes and gives said court further to understand and be informed that the said Edward Hodgson, prior to this time, to wit., at the December term of the county court, held at Middlebury in and for the county of Addison, on the first Tuesday of December, A. D. 1891, before and by consideration of said court, was, as appears of record, convicted of selling, furnishing and giving away intoxicating liquor against the law in such case made and provided."

Before pleading the respondent filed a written motion that

the information be quashed, for that the state's attorney "had no legal authority to make and file such information in said cause." This motion was overruled by the court, and the respondent excepted.

On trial the respondent offered to show that at the December term of the Addison County Court, 1891, he was convicted of six first offences upon a plea of guilty, and that as a consideration for the entering of said plea it was agreed between him and the state's attorney that if he would so plead and would desist from the further illegal furnishing of intoxicating liquor the state's attorney would not prosecute him for any offence prior in time to that conviction. The evidence was excluded, and the respondent excepted.

Judgment and sentence were respited, and the cause passed to the supreme court.

In the supreme court the respondent filed for the first time a motion in arrest of judgment.

*W. H. Bliss* for the respondent.

Questions of law arising from motion to quash are reviewable in the supreme court. *State* v. *Keyes*, 8 Vt. 57; *State* v. *Davis*, 52 Vt. 376; *State* v. *Stewart*, 59 Vt. 273; *State* v. *Meader*, 62 Vt. 458.

A motion in arrest may be filed for the first time in the supreme court. Chitty, cited in 1 Bish. Cr. Pro. (Ed. 1866), s. 850.

The offences charged in this information are infamous crimes. *Ex parte Wilson* 114 U. S. 417; *Mackin* v. *United States*, 117 U. S. 348, 352; *Re Medley*, 134 U. S. 160; *Re Clauson*, 140 U. S. 200.

Offences under the prohibitory law should receive the same consideration as those under any other class. *State* v. *Haley*, 52 Vt. 476; *State* v. *Smalley*, 50 Vt. 736; *State* v. *Conlin*, 27 Vt. 318; *Re Kennedy*, 55 Vt. 1.

The statutes prescribing the method of procedure and the form used in this case are unconstitutional. Cool. Const. Lim. (Ed. 1890), 105-107, n. 2 and cases cited; *Thorp* v. *R. & B. Rd. Co.*, 27 Vt. 140; *Durfey* v. *Wickwire*, 1 D. Chip. 237; *Bates* v. *Kimball*, 2 D. Chip. 77; *Stamford* v. *Barry*, 1 Aik. 214; *Bradford* v. *Brooks*, 2 Aik. 285; *State* v. *Peterson*, 41 Vt. 504.

The particulars of the alleged offences should be more definitely alleged. 3 Sto. Const., s. 1779; 1 Bish. Cr. Pro., ss. 107, 108; Cool. Con. Lim., 327, n. 4.

The legislature may modify the form of a complaint, but it cannot dispense with its substance. *State* v. *O'Flaherty*, 7 Nev. 153; *Williams* v. *State*, 12 Texas App. 395; *State* v. *Learned*, 47 Me. 426; *Murphy* v. *State*, 24 Miss. 590; *Murphy* v. *State*, 26 Miss. 637; *Norris* v. *State*, 33 Miss. 333; *Bryon* v. *State*, 45 Ala. 86.

It was the design of the statute to deprive the respondent of substantial rights material to his defence. *State* v. *Brown*, 36 Vt. 560; *State* v. *Miller*, 60 Vt. 90.

The law impairs the right of trial by jury. *Plimpton* v. *Somerset*, 33 Vt. 283; *People* v. *Toynbee* (N. Y.), 2 Par. Cr. Rep., 490; *Reiser* v. *Hoyt*, 53 Mich. 201; *State* v. *Jones*, 33 Vt. 370; *Tweed's Case*, 19 Am. Rep. 240; *State* v. *Smith*, 20 N. H. 399, 401.

It is in violation of the fourteenth amendment of the constitution of the United States. *Clark* v. *Mitchell*, 64 Mo. 578; *Dunn* v. *Burleigh*, 62 Me. 24; *State, ex rel. Larkins,* v. *Ryan*, 70 Wis. 676; *Barbier* v. *Connolly*, 113 U. S. 29-31; *Giozza* v. *Tiernan*, 148 U. S. 662; *Boyd* v. *United States*, 116 U. S. 616, 635.

*F. L. Fish*, state's attorney, for the state.

The action of the trial court in overruling the motion to quash is not revisable in the supreme court. 1 Bish. Cr.

Pro., 114, 761 ; *State* v. *Jones*, 5 Ala. 666 ; *State* v. *Conrad*, 21 Mo. 271 ; *State* v. *Putnam*, 38 Me. 296 ; *Commonwealth* v. *Eastman*, 1 Cush. 189 ; *State* v. *Hurley*, 54 Me. 562 ; *State* v. *Rosenburg*, 7 Wall. 580 ; *Cash* v. *State*, 10 Humph. 111, 114 ; *Commonwealth* v. *Hawkins*, 3 Gray 463 ; *State* v. *Stewart*, 59 Vt. 273.

The information in this case is in the form prescribed by the statute of Vermont and is good. It is not bad for that it charges more than one offence. *State* v. *Whitted*, 3 Ala. 102 ; *Rawson* v. *State*, 19 Conn. 292 ; *Commonwealth* v. *Foss*, 14 Gray 50 ; *Conley* v. *State*, 5 W. Va. 522 ; *Tefft* v. *Commonwealth*, 8 Leigh. 721 ; *State* v. *Finan*, 10 Iowa 19.

If bad for duplicity that defect is cured by verdict. 1 Bish. Cr. Pro. 443 ; *State* v. *Miller*, 24 Conn. 522.

It is unnecessary to give the name of the person to whom the sale was made or to state the kind of liquor sold. *Commonwealth* v. *Conant*, 6 Gray 482 ; *Commonwealth* v. *Ryan*, 6 Gray 137 ; *State* v. *Blaisdell*, 33 N. H. 388 ; *Plunkett* v. *State*, 69 Ind. 68 ; *Buell* v. *State*, 72 Ind. 523 ; *State* v. *Spain*, 29 Mo. 415 ; *State* v. *Munger*, 15 Vt. 290 ; *Hulsted* v. *Commonwealth*, 5 Leigh. 724 ; *State* v. *Parnell*, 16 Ark. 506 ; *People* v. *Adams*, 17 Wend. 475 ; *McCuen* v. *State*, 19 Ark. 630 ; *Green* v. *People*, 21 Ill. 125 ; *State* v. *Ladd*, 15 Mo. 430 ; *State* v. *Muse*, 4 Dev. & Bat. 319 ; *State* v. *Belby*, 21 Wis. 204 ; *State* v. *Gummer*, 22 Wis. 441 ; *Commonwealth* v. *Dove*, 2 Va. Cas. 26 ; *Riley* v. *State*, 43 Miss. 397 ; *Rice* v. *People*, 38 Ill. 435 ; *State* v. *Hickerson*, 3 Heisk 375 ; *State* v. *Staley*, 3 Lea. 565 ; *State* v. *Rogers*, 39 Mo. 431 ; *State* v. *Kuhn*, 24 La. An. 474 ; *State* v. *Schweiter*, 27 Kan. 499 ; *State* v. *Jaques*, 68 Mo. 260.

The offence is the same no matter what quantity of liquor is furnished. Bish. Stat. Crimes, 1039 ; *Plunkett* v. *State*, 69 Ind. 68 ; *White* v. *State*, 11 Tex. App. 476.

The particulars need not be averred. Bish. Stat. Cr., 1040; 1 Bish. Cr. Pro., 514; *Clare* v. *State*, 5 Iowa 509; *Commonwealth* v. *Roberts*, 1 Cush. 105; *State* v. *Finan*, 10 Iowa 19; *State* v. *Miller*, 24 Mo. 532; *State* v. *Rogers*, 39 Mo. 431; *State* v. *Downer*, 21 Wis. 277.

It is sufficient to follow the words of the statute, unless some additional averments are required to inform the respondent of the crime with which he is charged. Bish. Cr. Pro. 1, 614; *Commonwealth* v. *Trickey*, 13 Allen 559; *Picket* v. *State*, 22 Ohio St. 405, 410; *People* v. *Clements*, 26 N. Y. 193; *Commonwealth* v. *Smith*, 116 Mass. 140; *State* v. *Walton*, 62 Me. 106; *Commonwealth* v. *Castles*, 9 Gray 123; *Surratt* v. *State*, 45 Miss. 601; *People* v. *Nugent*, 4 Cal. 341.

The prohibitory law of Vermont is not in violation of the fourteenth amendment of the constitution of the United States. *Leeper* v. *Texas*, 139 U. S. 462; *State* v. *Comstock*, 27 Vt. 553; *Ogden* v. *Saunders*, 12 Wheat. 213; *Pillow* v. *Roberts*, 13 How. 472; *Holmes* v. *Hunt*, 122 Mass. 505, 516; *Hurtado* v. *California*, 110 U. S. 516; *Ex parte Wall*, 107 U. S. 265; *People* v. *O'Brien*, 2 L. R. A. 655 (Ind.), note.

The evidence offered by the respondent as to the agreement between himself and the state's attorney was properly rejected. The only evidence upon that point was the record. R. L., ss. 3806, 3807; *State* v. *Conlin*, 27 Vt. 319; *State* v. *Comstock*, 27 Vt. 553; *State* v. *Haynes*, 35 Vt. 565; *State* v. *Brown*, 49 Vt. 437.

ROSS, C. J.    I.    The motion to quash was properly denied. Whether strictly addressed to the discretion of the trial court and not revisable in this court, or otherwise, the ground of the motion was that the state's attorney had no authority to proceed by information. That ground is not insisted upon now. While held to be addressed to

the discretion of the trial court, and not revisable in this court, because it cannot be pleaded as a matter of right, in *State* v. *Stewart*, 59 Vt. 273, in *State* v. *Keyes*, 8 Vt. 57, *State* v. *Davis*, 52 Vt. 376, and *State* v. *Meader*, 62 Vt. 458, in which, whether the entertainment of such motions is discretionary with the trial court, was not raised nor considered, the denial of such motions by the trial court was considered and passed upon in this court. In the case last named, the judgment of the trial court, on such a motion, was reversed and the complaint was adjudged insufficient and quashed. But if the question presented by such motion can be entertained in this court, it can be entertained only upon the ground raised by the motion, and passed upon by the trial court. Error in the action of the trial court must distinctly appear. The party cannot be allowed to urge one ground for sustaining the motion in that court and then, in this court, set up a new ground for sustaining it, a ground not considered nor passed upon by the trial court. The respondent's counsel contends that, by using in the motion the words, " such information," he thereby raised the question of the sufficiency of the information. But that is not the ordinary and natural construction to be placed upon the language of the motion. If he really intended to raise the question of the insufficiency of the information, we should have expected he would have pointed out wherein he claimed it was insufficient. He should have done so to have raised that question. It is not for the trial court to hunt for some concealed rather than clearly defined ground for entertaining the motion. For this court to revise the action of the trial court on such motion, as we think it might, if it was shown that the trial court entertained it, and passed upon its sufficiency as a matter of law, the grounds for the motion, as well as the action of the trial court, should be clearly and fully set forth. Otherwise this court will assume that the trial court denied the motion, as a matter of discretion.

II.   The county court properly excluded the offered testimony of the respondent with reference to his agreement with the state's attorney in regard to what offences should be covered and merged in his former conviction.   The statute is specific, R. L. 3806, that " unless the respondent, at the time of pleading guilty, specifies some other days on which such offences were committed, in which case an entry thereof shall be made upon such complaint, indictment or information, and become a part of the record," the offences to which he pleads " shall be held to have been committed on the day specially set forth in such complaint, indictment or information."   The offered testimony would contradict the record of the former conviction.   This is not allowable. *State* v. *Haynes*, 35 Vt. 565.   The record imports verity of the facts stated.   If the information as drawn did not truly describe the offences to which he desired to plead guilty, the statute gave him an opportunity to have it amended so that it would.   The exceptions are not sustained, and the respondent takes nothing thereby.   The county court respited judgment and sentence.   The case stands now for judgment and sentence in this court.   R. L., 1700.

III.   But the respondent has filed in this court an elaborate motion in arrest of judgment.   While such motions are usually allowed to be filed at any time before final judgment, as they present the question whether, upon the record, legal judgment and sentence can be passed, yet, under our system of passing criminal causes from the trial court to this court, it is apparent that it was contemplated that this court should sit only as a court of error in such cases.   R. L., 1699, the only statute on the subject, reads :

" Questions of law decided by the county court, arising upon demurrer or trial by jury, or upon motion in arrest, in prosecution by indictment, or information for a crime or misdemeanor, shall, after verdict of guilty is returned, upon motion of the respondent, be allowed and placed upon the

record, and the same shall thereupon pass to the supreme court for final decision."

Then R. L., 1700, is:

"If, upon the inspection of the record in a cause where judgment, sentence and execution has been respited and stayed, the supreme court is of the opinion that judgment ought to be rendered upon the verdict, it shall render judgment and sentence thereon, and cause execution thereof to be done."

From these provisions of the statute we think that a motion in arrest of judgment and sentence cannot properly be filed in this court; that such motions should be filed in and be passed upon by the trial court, and come to this court as matter of error. We might properly dispose of this motion on this ground. But the character of the motion is so far reaching that this court would, on proper application, remand the cause to the trial court to allow the respondent to file his motion and have it passed upon there. Such being the case, and inasmuch as the questions arising on the motion have been fully argued and considered, we have concluded to pass upon the sufficiency of the motion, as though it had come regularly before this court.

Such motions are somewhat limited in their operation. They do not always reach all defects which would be reached by a general demurrer. They are confined to the record. A general demurrer reaches every material defect in substance. After verdict, every reasonable intendment is made in support of the verdict, if there is nothing on the record to prevent it. 1 Chit. Pl., 673, note 1. It is there said:

"The general principle upon which it depends appears to be that where there is any defect, imperfection, or omission, in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet, if the issue joined be such as necessarily required, on the trial, proof of facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge

would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is *cured by the verdict.*"

That is :

" The court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleading was proved at the trial, and such an intendment must arise, not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given."

But where no ground of complaint or action is set out, the complaint, indictment, information or declaration will not be aided by verdict. This subject has been frequently before this court, and been fully elaborated, elucidated and approved. *Harding* v. *Cragie*, 8 Vt. 509; *Morey* v. *Homan*, 10 Vt. 564; *Manwell* v. *Manwell*, 14 Vt. 14; *Needham* v. *McAuley*, 13 Vt. 65; *Closson* v. *Staples*, 42 Vt. 226; and recently *State* v. *Freeman*, 63 Vt. 496; *Noyes, French & Fickett* v. *Parker*, 64 Vt. 379.

Keeping these limitations of the scope of the motion in arrest in mind, we will consider the elaborate objections and contentions of the respondent's counsel. We quite agree with his contention, that with respect to substantial allegations to be contained in the pleadings, this class of crimes is no exception to those required in charging the highest crimes. As said by this court in *State* v. *Davis*, 52 Vt. 376; " This class of cases is no exception to the generality of criminal cases," and, in *State* v. *Haley*, 52 Vt. 476: " This class of statutory crime stands for the same consideration and is subject to the same rules of law as any other crime." Under this rule we need not consider whether the crimes charged, and of which respondent was found guity, are *infamous* under the laws, and the decisions of the United States Supreme Court, cited by the respondent. That court, and all other courts of final resort, so far as we are aware, have classed offences against the various laws of the

states, regulating or prohibiting, unless in excepted cases for specific purposes, the sale of intoxicating liquors, as misdemeanors, within the police power of the various states to regulate, restrain and punish, as the statutes of the several states might provide, unless such statutes invaded some constitutional right secured to the accused. While it is difficult to define and limit in exact terms the police power of the state, it is generally held to extend to all regulations affecting the health, good order, morals, peace and safety of society. *Butler* v. *Chambers*, 36 Minn. 69; 1 Am. St. R., 638 and note; *Thorpe* v. *R. & B. R. R. Co.*, 27 Vt. 140; 62 Am. Dec., 625 and note; *Slaughter House Cases*, 16 Wall. 62; *Mugler* v. *Kansas*, 123 U. S.; 31 L. A. 205; *People* v. *Wagner*, 86 Mich. 594; 24 Am. St. R., 141, and to include the right to regulate and control the manufacture and sale of intoxicating liquors. Article 5 of the bill of rights of this state expressly reserves to the legislature the right to regulate this power. It reads: "That the people of this state, by their legal representatives, have the sole, inherent and exclusive right of governing and regulating the internal police of the same." But in exercising this right, the legislature cannot deprive a citizen of an essential right secured by the bill of rights or constitution, such as depriving him of the right to be tried by a common law jury. *State* v. *Peterson*, 41 Vt. 504.

It is further contended that the law under consideration cannot be a police regulation because it requires the court, on conviction for a second offence, to imprison the convict not less than a month nor more than a year. The statute of Kansas under consideration, in *Mugler* v. *Kansas, supra*, gave the court power to fine or imprison on either the first, second or subsequent conviction, limiting the time on the first conviction from twenty to ninety days, and on the second conviction from sixty days to six months, and on every subsequent conviction from three months to one year. The fines

that could be imposed varied from one hundred to one thousand dollars. Yet this was held by the Supreme Court of the United States to be a police regulation. Formerly under this law in this state, the imprisonment was in the county jail. When only a fine was imposed the convict was committed to the county jail to remain until the fine was paid. In the course of time the house of correction was established to take the place of the county jails as a place of imprisonment, both as being better equipped for the confinement of the prisoner humanely, and for affording him an opportunity to work out his fine. This is within the letter and spirit of chapter 2, sec. 37 of the constitution. If his offences are numerous, so that his fine is large, still his imprisonment may be avoided by payment, and if he does not pay the term of imprisonment is limited; whereas under imprisonment in the county jail there was no discharge except by payment. Hence whether the imprisonment is in the house of correction or in the county jail does not affect the law as a police regulation. The statute complained of provides, R. L., 3802 :

" If a person by himself, clerk, servant or agent, sells, furnishes or gives away, or owns, keeps or possesses with intent to sell, furnish or give away intoxicating liquor or cider, in violation of law, he shall forfeit for each offence to the state, upon the first conviction. not less than five nor more than one hundred dollars, and may also be imprisoned, in the discretion of the court, not more than thirty days; upon second and each subsequent conviction, not less than ten nor more than two hundred dollars for each offence, and shall also be imprisoned not less than one month nor more than one year."

R. L., 3803, provides that prosecutions may be had before the county court, or a justice of the peace, on complaint of the grand juror, or information of the state's attorney. R. L., 3859, prescribes the form of a complaint or information, the essential of which is, " that . . . . . . . of . . . . . . . . on the . . . . . . . day of . . . . . . . . . . . . at . . . . . . . . did at

divers times sell, furnish or give away (as the case may be) intoxicating liquor, without authority, contrary to the form of the statute," etc.    R. L., 3860: "Under the foregoing complaint every distinct act of selling, furnishing or giving away may be proved, and the court shall impose a fine for such offence."

When this form of complaint or information was first prescribed, some prosecuting officers drew the information with a hundred or more counts for selling, as many for furnishing and as many for giving away.    This only enhanced the costs and the court held that it was unnecessary, that the separate counts furnished the responder.t no additional information except the days on which the offences were charged were varied, but held that under this complaint the respondent was entitled to a specification, or bill of particulars, setting forth as well as the prosecuting officer was able, the claimed offences for which he should ask a conviction on the trial. *State* v. *Conlin*, 27 Vt. 323 ; *State* v. *Freeman*, 27 Vt. 525 ; *State* v. *Bacon*, 41 Vt. 532 ; *State* v. *Rowe*, 43 Vt. 267 ; *State* v. *Davis*, 52 Vt. 376 ; *State* v. *Wooley*, 59 Vt. 357. In 1858 the legislature provided that but one count should be required and allowed for in the taxation of costs.    The court also held that the state must be confined, on the trial, to the offences specified, *State* v. *Rowe, supra*, but that the court had the power, when it would work no disadvantage to the respondent, to allow the specifications to be amended. Under these conditions the trials of these causes have gone on for nearly forty years without special complaint, inconvenience or hardship, certainly none which has successfully appealed to the legislature for modification.    In administering the law this court held that every traversable fact must be alleged with time and place, and without such allegation the information was bad.    *State* v. *Kennedy*, 36 Vt. 563 ; *State* v. *O'Keefe*, 41 Vt. 691.    It also held that if the words "at divers times" were omitted, but one offence could

be shown. *State* v. *Jones*, 39 Vt. 370. Also that the count prescribed was not bad for duplicity. *State* v. *Bacon*, 36 Vt. 560.

It is now contended that these decisions are erroneous ; that the prescribed form is in the disjunctive and authorizes the charging of but one class of the offences, either a sale, a furnishing or a giving away. This contention assumes that a sale of intoxicating liquor, under the statute, is a different offence from furnishing it or giving it away. But this is not true. The thing prohibited consists in providing intoxicating liquor contrary to law. It may be done in any one of the three ways specified. A sale, a furnishing, a giving away of intoxicating liquor, each, is the prohibited provision of it aimed to be suppressed by the statute. The quality and magnitude of the offence is the same, the penalty and mode of enforcement the same, in whichever of the three ways it is committed. The form of the prescribed complaint, that the accused " did sell, furnish *or* give away," etc., indicates that, with the words " at divers times " omitted, but one offence against the statute, committed in one of the ways specified, disjunctively, was intended to be charged, as held in *State* v. *Janes*, *supra*. But every transaction violating this law comes within one of these terms. The prosecutor is confined to a single count. He must frame it to meet the varying phases of his proof. Without the words " at divers times " it charges but one offence. Whether the complaint charges the sale, furnishing and giving away conjunctively or disjunctively, if a sale is shown, the other words are surplusage, and *vice versa*. With the words " at divers times " added, it gives notice that more than one, or many offences, may be claimed to be shown at the time and place specified. It is not unlike the common count in assumpsit for goods sold and delivered, single, but many different sales may be shown under it. But if double, duplicity is not reached by a motion in arrest of judgment.

The respondent availed himself of his right to specifications and they were furnished.   The offences, whether by a sale, furnishing or giving away, are of the same degree, whether for first or second  conviction require the same, or a similar plea, the  same or a similar  verdict, and  are similarly punished.   The fact that they are  included in one  count does not  invade any constitutional  or  other  right, more  than if they were in separate counts.

"In criminal  proceedings the joinder of different offences of the same degree in an indictment does not render the proceeding  defective, though  it is  a matter of  discretion in the court,  on motion  to  quash  an indictment  so framed."   1 Chitty Pl., 201 ;  *The King* v. *Kingston*, 8 East 41 ;  *Young et al.* v. *The King*, 3 D. & E. 98.

The last case, an indictment  for  obtaining  goods under false pretences, against  the statute, where the sentence was transportation for  seven  years,  was  held  to  be  a  misdemeanor, and that the indictments need not meet the requirements  of the  common law,  provided it met  those of  the statute.   The constitution of  the state,  its  provision  for a legislature to enact laws, the committal to it of the exclusive right  and  power to govern and regulate  the  internal police of  the state, as well as  the statutes of the state, proceed upon  the  theory that  the state  has the right  and  power  to change and vary, at its  pleasure, both in criminal and civil matters, the  methods  of  procedure, so  long  as  it does not invade the fundamental rights of  the citizen reserved by the constitution.   It does not, as some seem to think, tie up the legislature, to follow  common  law  methods  of procedure, even in  criminal  cases.   But it may be helpful to ascertain what the common law required.   It had no different rule as to  the  definiteness of  pleadings in  criminal, than in  civil matters.   Says Mr. Chitty, in 1 Chitty Pl., 213 :

"The observations of  Lord Chief  Justice  DeGrey on the structure of an indictment are very forcible and equally applicable  to  the  pleadings in civil  actions ;  the  charge must

contain such a description of the injury or crime that the *defendant* may know what injury or crime it is which he is called upon to answer, that the jury may appear to be warranted in their conclusion of guilty or not guilty, upon the premises delivered to them, and that the court may see such a definite injury or crime that they may apply the remedy or the punishment which the law prescribes. The certainty essential to the charge consists of two parts, the *matter* to be charged and the *manner* of charging it."

This extract is taken from the learned judge's opinion delivered in the house of lords in *Rex* v. *Horne*, Cowper 672. It is a celebrated case which grew out of our revolution, was carefully tried and thoroughly considered both in the trial court by Lord Mansfield and in the house of lords. The learned judge further says :

" As to the matter to be charged, whatever circumstances are necessary to constitute the crime imputed, must be set out and all beyond are surplusage. &ast; &ast; &ast; Secondly, as to the *manner* of making the averment. There are cases where a *direct* and positive averment is necessary to be made in *specific* terms ; as where the law has affixed and appropriated technical terms to describe a crime, as in murder, burglary and others. It is likewise true that in all cases those *facts* which are *descriptive* of the *crime* must be introduced upon the record by *averments* in opposition to argument and *inference*."

Applying these clearly expressed rules to the case at bar. The offence created by the statute is the provision of intoxicating liquors without the authority of law either by a sale, furnishing or giving away. There are no circumstances necessary to be set out to constitute either of these acts an offence. The terms of the statute as clearly import the prohibited offence as any terms can. The offence is neither heightened nor lessened by, nor dependent upon, the kind or amount of intoxicating liquor sold, nor upon the person to whom the sale, furnishing or giving away is made, nor upon the amount of money received, 'nor upon whether made by the respondent or by some one for him. None

of these particulars need be set forth to notify the re-
spondent of the offence with which he is charged, and
called upon to answer, nor to apprise the jury of what they
are to convict or acquit him, nor to apprise the court of the
sentence which it should impose.   The prescribed form
covers the offence in the exact and easily understood lan-
guage of the statute which creates it.   This is sufficient.
*State* v. *Daley*, 41 Vt. 564 ; *State* v. *Cook*, 38 Vt. 437 ;
*State* v. *Jones*, 33 Vt. 443 ; *State* v. *Matthews*, 42 Vt. 542 ;
*State* v. *Clark*, 44 Vt. 636 ; *State* v. *Benjamin*, 49 Vt. 101 ;
*State* v. *Higgins*, 53 Vt. 198 ; *State* v. *Miller*, 60 Vt. 90 ;
*State* v. *Campbell* and note, 94 Am. Dec. 251 ; Bishop's
Cr. Pro., 614 ;   Mr. Bishop says : " The allegations must
cover so many of the statutory terms as will show a *prima
facie* violation of the written law, and need cover no more."

It is not an ancient crime which has been, from time im-
memorial, clothed in special terms which, by long use, have
become the most apt and definite ones to describe the exact
crime.   The statute sometimes prescribes the punishment of
a common law crime without defining it, or creates an of-
fence and prescribes no form for an information.   In such
cases it is well held that the common law requirements in
charging it must be met.   By statute, enacted in 1787 and
continued since that time, R. L., 689, the common law,
when applicable to the local situation and circumstances and
not repugnant to the constitution or laws, has been the law
in this state, but not otherwise.   But by this statute the com-
mon law is not in force, in charging a statutory crime
created in clear, definite terms, with a prescribed form for
charging it in the terms of the statute.   It is sufficient in
such a case to follow the prescribed form.   The respondent
contends that the prescribed form is defective in that it does
not require the names of the persons to whom sales are
claimed to have been made to be set forth ; that sales must
be made to some person.   But this contention is based on

the requirements of the common law, when applicable. The specifications ordinarily would, and did in this case, supply this information. Some courts have maintained this contention in regard to the statutes which they had under consideration. Whether the operation of the common law was limited in those states as it is in this does not appear. But the decisions of courts of final resort are nearly evenly divided on this subject. This court has held that the names of the persons need not be set forth. *State* v. *Munger*, 15 Vt. 290; Bish. Cr. Pro., s. 1037 and note. The author there says :

" On both sides they seem supported by a considerable weight of reasoning. * * * Undoubtedly identification may be made sufficiently clear to satisfy the demands of legal principles without the name."

Without doubt the difference in the decisions is controlled to some degree, at least, by the difference in the language of the statutes creating the offence. It is also contended that the particulars of the kind of liquor, price, and name of the person to whom sold, should be set forth in the information, both to apprise the respondent of the evidence he has to meet, and to have the record protect him from a second conviction for the same offence. It is never necessary for the state to disclose what is merely its proof of the commission of the offence charged in the information. If the record does not itself identify the offence or offences for which conviction has been had, on the trial of a subsequent prosecution, such identification may be made by parol testimony. If these particulars were set out in the information, resort might have to be had to parol proof to identify the offence for which conviction was had. It might occur that the same respondent made more than one sale of the same kind and quantity of liquor, to the same person, at the same price, at the same place on the same day. Besides by the common law it always has been held that the prosecutor

need not set forth the name of the person, when unknown. It is sufficient to state that his name is unknown.   Therefore, by the common law, the name is not indispensible. These particulars, of the kind, quantity, price and person to whom sold, are seldom known to the prosecutor until revealed by the witness upon the stand.   Without these particulars the prescribed form answers every essential requirement of the common law in regard to informations or indictments. . The prescribed form sets forth in clear language, easily to be understood, "the cause and nature of the accusation."   It meets fully the tenth article of the bill of rights in this respect.   By the use of the words "at divers times," on the day named, it notifies him that he may be called upon to meet more than one offence committed in one of the ways named.   The prosecution is never confined to prove the offence on the day specified in the information, if the proof is within the time limited for the prosecution of the offence. The accused can of right call upon the prosecutor to specify more fully what is claimed to be included under these general terms.   This is analogous to the common counts in assumpsit in civil cases which grew up under the common law.   The defendant in a civil case is entitled to notice of what he is called upon to meet, as much as a respondent in a criminal case, and for the same reasons.   Under these common counts it has always been held that the plaintiff might show any number of claims of the class described, and for this reason, that the defendant was entitled, as a matter of right, to a bill of particulars, or specifications, and that such specifications supplied what was lacking by the generality of the count, in regard to the particulars and number of similar claims which the plaintiff would call upon the defendant to litigate.   In this view the information, aided by specifications, is good by the rules of the common law.   But whether it be or not, the legislature has an undoubted right to change and mould the forms of procedure

so long as it does not deprive the accused of any constitutional right. It has not done so in the case at bar. Further, on a motion in arrest of judgment, the information and verdict, which constitute the record, aided by the presumptive intendments, are ample to uphold a judgment and sentence.

The respondent's counsel further contends that the legislature in other parts of this law, not brought under consideration by his motion, by enacting that this class of cases shall stand for trial the first term, that a continuance shall not be allowed without cause shown, and that a *nolle prosequi* or discontinuance shall not be entered without cause, and only with the consent of the court, has invaded the province of the court so that the respondent under them does not have a common law jury trial, and for that reason the whole law is unconstitutional. We do not understand that any of these provisions trench upon the province of the court. The legislature is to establish courts and define their jurisdiction and powers in accordance with the constitution. All cases, unless under some rule of court, which the legislature has either expressly or impliedly authorized the court to make, stand for trial the first term of the court, and cannot be continued or discontinued without the permission of the court. No absolute or discretionary power of the court is taken away by these provisions. This class of cases is not exceptional in their manner of trial. They are proceeded with like all other cases. The selection and empanelling of the jury, the rules of evidence, burden of proof, and procedure in the trial, is the same as in all other criminal cases. What has been said in regard to the scope of the information, aided by specifications, to which the respondent was entitled as a matter of right, and which were furnished to him, and in regard to the order and manner of his trial, makes the respondent's trial a trial by " due process of law," or " in accordance with the law of the land," within the varying

definitions of those general terms as claimed by the respondent's counsel. He was notified, in clear and unmistakable language, of the offence with which he was charged; he heard the evidence by which it was sought to be established; was given ample opportunity to meet it by counter evidence; and was given an impartial jury to determine whether the charges were established beyond a reasonable doubt. All of the many contentions, objections and criticisms of the respondent upon this point concentrate, first, upon whether the information, aided by the specifications, sufficiently informed him of "the cause and nature of his accusation"; and, secondly, whether, in enacting the law, the legislature invaded and took from the trial court some of its constitutional prerogatives, both of which have been considered. We need not stop to apply what has been said to each contention in detail.

IV.   He further contends that the statute is unconstitutional because it authorizes the requirement of excessive bail, the imposition of fines excessive and disproportionate to the offence alleged, and the infliction of cruel and unusual punishment. The only punishment authorized is fine and imprisonment in the house of correction. The longest time of imprisonment proper, for a second conviction, is one year, and for failure to pay the fine imposed, however large, and for how many so ever offences, could not exceed three years. No. 78, Acts of 1892. This state has no constitutional provision rendering a punishment by fine and imprisonment at hard labor unusual and cruel. Section 37, chapter 2, of the constitution of the state is:

"To deter more effectually from the commission of crimes, by continued visible punishments of long duration, and to make *sanguinary* punishments less necessary, means ought to be provided for punishing, by hard labor, those who shall be convicted of crimes not capital, whereby the criminal shall be employed for the benefit of the public, or for the reparation of injuries done to private persons."

And this is its only provision in relation to such punish-
ments. The statutory provisions in regard to the punish-
ment of this class of offences is in line with the state consti-
tution.

It is claimed that the eighth amendment of the constitution
of the United States is applicable, and that the punishment
is cruel and unusual under that. That article has been, so
far, held to be applicable only to punishments under the
laws of the United States.. *Barron* v. *Baltimore*, 7 Pet.
243; *Pervear* v. *Massachusetts*, 5 Wall. 475; *O'Neil* v.
*State of Vermont*, 144 U. S. 323. In the case last named
Justice Blatchford, in the opinion of the court, says:
" Moreover, as a federal question, it has always been ruled
that the 8th amendment to the constitution does not apply to
states." Justice Field, in a dissenting opinion, holds that
the fourteenth amendment has made the eighth amendment
applicable to the states. But such is not the holding of the
court in that case. In this case the longest term of impris-
onment proper could not exceed one year, and the greatest
fine could not exceed three hundred dollars, and on failure
to pay the fine the imprisonment could not exceed three
years. In the O'Neil case the imprisonment proper was
one month, but the number of offences was so large that the
fines amounted to a large sum and, if unpaid, the imprison-
ment would be over fifty-four years for him to work out the
fine in the house of correction. It was only the aggregation
of imprisonment that Justice Field complained of as cruel
and unusual. *Non constat* that *he* would regard the ex-
treme limit of punishment in this case as cruel and unusual.
Considering the magnitude of the evil sought to be re-
strained, the fact that the only motive for committing the
offence is cupidity, or desire for pecuniary gain to be ac-
quired by taking advantage of the weakness of fellow citi-
zens, weighed down if not overborne by pernicious habit,
we do not think the punishment cruel or unusual. The

punishment is graded and made to depend upon whether the conviction is the first or second. It is of such a nature as tends to take away the inducement to the crime. It is not unreasonable in the length of imprisonment nor amount ot fine that can be imposed for a single offence.

V. It is further contended that the statutes under consideration are repugnant to this clause in the fourteenth amendment to the constitution of the United States :

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property without due process of law ; nor deny to any person the equal protection of the laws."

This, in terms, applies to the states. No claim is made, nor can be made, that these statutes apply to one class of citizens of this state, or of the United States, more than to all. Whoever, of whatever class, commits the prohibited acts within the state, is an offender subject to prescribed penalties. We have already considered whether any person under them was or could be "deprived of life, liberty or property without due process of law." What is due process of law is considered at length, and the common law and state decisions and the prior decisions of the United States Supreme Court brought together and reviewed in *Hurtado* v. *California*, 110 U. S. 499. The result there reached is summarized by the court in its opinion in *Leeper* v. *Texas*, 139 U. S. 462, as follows :

"That, by the fourteenth amendment, the powers of states in dealing with crime within their borders are not limited, except that no state can deprive particular persons, or classes of persons, of equal and impartial justice under the law ; that law in its regular course of administration through courts of justice is due process, and when secured by the laws of the state the constitutional requirement is satisfied ; and that due process is so secured by laws operating on all alike, and not subjecting the individual to the arbitrary exercise of the powers of government unrestrained by the

established principle of private right and distributive justice."

To like import in *Fong Yue Ting* v. *United States*, 149 U. S. 698. In this case it was held that congress might change the burden of proof and prescribe the testimony required to remove it. The respondent concedes, as in reason he must, that the privileges and immunities of citizens of the United States which the states are prohibited from making or enforcing any law to abridge are the two classes which have already been considered.

*Judgment that respondent takes nothing by his exceptions and that his motion in arrest of judgment is overruled.*