## STATE OF VERMONT *v.* JOSEPH BACON.

*Witness. Memorandum. Practice. Intoxicating Liquors. Specification of Offenses.*

A witness having referred to a pocket memorandum to refresh his memory during his examination in chief, the opposite party is entitled to take and examine the same for the purpose of cross-examination. And the witness can not refuse its production and examination on the ground that it contained private memoranda of his acts as a detective, and that to do so would be a breach of confidence and a personal injury; certainly not unless it appears to the court that he has *reasonable* ground of belief that he would thereby subject himself to personal injury.

The specification of offenses to which respondents may be entitled, in prosecutions under the liquor act, is as to its specific character a matter of discretion of the court, to be exercised with reference to the circumstances of the case.

Where the prosecuting attorney furnished a specification, but not in all respects in conformity with the respondent's request, but it was not shown that the attorney could be more specific than in the specification furnished, or that the respondent was misled, or in any way prejudiced, it was *held* that the court properly refused to order a specification according to the request.

COMPLAINT against the respondent for the third offense under section 9 of chapter 94 of the General Statutes relative to the traffic in intoxicating drinks. Plea, not guilty. Trial by the court, October 1867, DAVID REED, Recorder.

In this case, before pleading, the respondent requested the court to direct that the prosecution furnish him with a specification which should set forth as follows, to wit:

1st. The number of offenses that the prosecution proposed to offer evidence of against him.

2d. The nature of said offenses, whether for selling, furnishing or giving away.

3d. The names of the persons to whom intoxicating liquors was sold, furnished or given away.

4th. The time when the intoxicating liquor was sold, furnished or given away.

5th. It is further asked that each offense be set forth specifically, and that it be identified from any others in this way : when and where an offense was committed ; what the offense was, or to whom the liquor was sold, furnished, or given away, in respect to each offense.

After such request was made, the prosecuting attorney of his own motion, without the direction of the court, furnished the respondent the following specification, viz.:

1st. That the prosecuting officer proposes to prove thirty offenses.

2d. Ten of said offenses for selling, ten for furnishing, and ten for giving away.

3d. The intoxicating liquor above named sold, furnished or given away to Josiah Kellogg, Elijah Sheppard, and J. C. Kennedy.

4th. On the 11th day of September, 1867 ; September 12, 1867, September 13, 1867, and between June 1, 1867, and September 13, 1867.

5th. The prosecuting officer further specifies that he expects to prove two offenses for intoxicating liquor sold Josiah Kellogg September 11, 1867 ; four offenses for intoxicating liquor sold Josiah Kellogg September 12, 1867 ; three offenses for intoxicating liquor sold Josiah Kellogg September 13, 1867.

To which specifications so furnished the respondent objected as not conforming with his request, and again requested the court to direct the prosecution to furnish such a specification as called for by the respondent in his request above set forth ; but the court declined to so direct the prosecution and decided that the specification so furnished the respondent as above set forth was sufficient, to all of which the respondent excepted.

The respondent then asked for a trial by jury, which was refused by the court, to which refusal the respondent excepted.

The prosecution then introduced one Elijah Sheppard as a witness. The respondent objected to his being introduced and to the testifying of the witness under the specification furnished by the prosecution, which objection was overruled by the court, and exceptions by respondent.

The state introduced as a witness one Josiah Kellogg mentioned in the specification of the prosecution. This witness when upon

the stand during his examination in chief referred to his pocket memorandum to refresh his memory. On cross-examination the witness refused to allow the respondent to take and examine the memorandum in question for the purpose of cross-examination as to the same, on the ground that the book contained his private memoranda of his doings as a detective and of a public nature, but offered to furnish a copy sworn to by him of that part of said book having any relation to the cause on trial — also that he could not submit the book to examination without a breach of confidence and a personal injury. Upon such refusal the respondent requested the court to direct the witness to allow the respondent to take said memorandum book, and examine the same with the memorandum in question for the purpose of cross-examination in regard to it, which request was not granted. To which the respondent excepted.

From all the evidence the court found the respondent guilty of four third offenses for selling, and sentenced to three months imprisonment in the county jail and fined $80, and costs taxed at $15.08.

After the rendition of such judgment, the respondent asked for an appeal to the next term of the county court for the county of Chittenden, which was refused by the court as having no authority for granting such appeal.

Other questions raised were waived in argument in the supreme court.

*R. H. Start* and *H. Ballard*, for the respondent.

The court should have directed the prosecution to furnish such a specification as the respondent asked for. *State* v. *Conlin*, and *State* v. *Freeman*, 27 Vt., 318, 523 ; *State* v. *Parker*, 26 Vt., 357. The respondent's request was that each offense be set forth specifically, a statement in respect to each one of what the offense was, and when and where it was committed. The specification that was furnished was not propely a specification. It did not set forth any particulars in respect to any single offense, with the exception of the sales of liquor to the witness Kellogg. With the exception of these, the specification was only a limitation of

the prosecution in respect to the admission of evidence. The respondent, if entitled to a specification at all, was entitled to such an one as would set forth with certainty and precision all of the facts necessary to a full description of such particular offense. The witness Sheppard should not have been permitted to testify. The respondent should have been allowed to examine the memorandum made use of by the witness Kellogg. A memorandum with sufficient requisites is an element of great strength in the witness' testimony, and the greatest latitude should be given to the opposite party to determine as to these requisites without obliging him to take the unsupported statement of the witness in regard to them. An examination of the memorandum itself furnishes the opposite party with the only possible means of determining whether or not it is a proper memorandum to be thus used, and how far the witness is entitled to rely upon it in aid of his memory. The authorities upon this question are to the effect that the opposite party has a right upon cross-examination to examine a memorandum that is thus used.

*Leverett B. Englesby*, state's attorney, for the state.

The specification conforms to the respondent's request, if a specification is required at all, upon which question I would refer to arguments in *State* v. *Beatty*, at last general term.

The refusal of the court to order the witness to allow the counsel for respondent the use of his pocket memorandum for purposes of cross-examination was proper. The memorandum was used simply to assist the witness' memory. The cases in which the memorandum must be produced are where witness has no independent recollection of the facts mentioned in it. 1 Greenleaf on Ev., 566. It was also properly excluded for reasons of public policy. 1 Green. on Ev., § 250, and cases cited.

The opinion of the court was delivered by

PROUT, J. This case comes into this court from the recorder's court of the city of Burlington. On the trial in the recorder's court, the prosecution introduced Josiah Kellogg as a witness, who testified to material facts, and who, during his examination

34

in chief, referred to a memorandum for the purpose of refreshing his recollection. On cross-examination he refused to allow the respondent's counsel to examine it. The recorder was requested to direct the witness to allow it, but he declined, in effect holding that the respondent was not entitled to examine it for purposes of cross-examination, to which decision the respondent excepted.

On the trial the witness was at liberty to refer to the memorandum on the ground that it aided his memory in respect to the subject of inquiry involved in the prosecution, and to which his testimony related. This is allowed to enable the witness to testify with more precision and accuracy than he otherwise could, and proceeds upon the ground that the memory is often at fault and imperfect. An entry or memorandum, therefore, made by the witness himself, at or near the time of the transaction in question, and before it has in any degree faded from his memory, which is full and complete, so as naturally to suggest and aid the mind in recalling what really transpired, is a strong ground of reliance and belief. It would therefore seem, that it is a legitimate subject of inquiry and examination with reference to a witness referring to entries on the stand for the purpose of refreshing his recollection, whether the memorandum thus used and referred to really does assist his memory or not. That must depend in some measure upon its character, and that can be ascertained only by an inspection and cross-examination in respect to it; as when and by whom made, its appearance, genuineness, fullness and faithfulness. Text writers treating the subject seem to entertain this view: "If the memory of the witness is refreshed by a paper put into his hands, the adverse party may cross-examine the witness upon that paper." 1 Green. Ev., § 466. "It is always," says PHILLIPPS, (1 vol., 289,) "and very reasonable when a witness speaks from memoranda, that the counsel should have an opportunity of looking at them, when he is cross-examining the witness;" and STARKIE (1 vol., 179,) asserts the same doctrine. He remarks, "the witness may be cross-examined as to other parts of the entry. *  *  * If the document be produced, the opposite counsel is entitled to cross-examine from it." See

also Part 1 Cowen, and Hill's Notes, (2d ed.) 757 ; *Rex* v. *Rams-den*, 12 C. L. E., 758. The view as presented by these authorities is alone consistent with the party's *right* to cross-examine the witness upon whose credibility the question in issue somewhat de-pends, and which, it is said, constitutes a " strong test, both of the ability and willingness of the witness to declare the truth." In no other way can his accuracy and recollection be ascertained and tested, which in all cases are proper matters of inquiry with a view of weighing his evidence ; and the range of inquiry is open to this extent. And a witness can not deprive a party of this right, or shield himself from the obligation of disclosing the whole truth to this end, or refuse the production and examination of a memorandum which is in court, and upon which he relies and refers, for the reason disclosed by this case ; certainly not, unless it appears to the court that he had a *reasonable* ground of belief that he would subject himself to personal injury in conse-quence of producing and allowing an examination of it. This decision of the recorder was therefore incorrect.

Another question is made in the case, relating to the refusal of the court to direct the prosecuting attorney to furnish the respon-dent, before pleading, a specification of offenses he proposed to prove. The complaint charges the respondent in the form pro-vided by the act relating to the traffic, with selling, furnishing and giving away intoxicating liquor at divers times. The request was for a specification wherein should be set forth specifically each offense proposed to be proved on the trial ; what the offense was, whether selling, furnishing or giving away, when and where com-mitted, and to whom the liquor was sold, furnished or given away. The attorney, without any direction from the court, furnished a specification, but did not therein set forth the particulars required by the request, except with respect to the sales to the witness Kellogg, and limited the prosecution to proof of thirty offenses of different kinds, committed between June 1, 1867, and Septem-ber 13, 1867. From the evidence the court found the respondent guilty " of four third offenses," as it is expressed in the record, and the prosecution having proved two former convictions, sen-tenced him to three months imprisonment, and to pay a fine of

eighty dollars and costs of prosecution. The complaint, as observed, is in the general form provided by the act creating the offense, and under it proof of an unlimited number of offenses of the character charged was admissible, and, as if they had been set forth and charged in as many separate and distinct counts. It was undoubtedly in consequence of the general form of charging the offense, and to prevent possible injustice in the administration of the law, that the court in *State* v. *Conlin*, 27 Vt., 319, and in *State* v. *Freeman*, 27 Vt., 525, held that the accused was entitled to a specification of offenses. But this is always, in prosecutions of this character, a matter of discretion with the court, to be exercised with reference to the circumstances of the case; and in this case it not being shown that the attorney could be more specific in the specification he did furnish, or that the respondent was misled, or in any way prejudiced, we think there is no error in this respect.

The constitutional question arising on the refusal of the court to allow the respondent a trial by jury is the point in judgment in *State* v. *Peterson*, *ante*, and which it is unnecessary to consider in this case. The result is, the judgment of the recorder's court is reversed, and cause remanded.