## State of Vermont v. Wilfred J. Cameron

[ 227 A.2d 276 ]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*William S. Goldsbury,* State's Attorney, for the State.

*Peter Forbes Langrock* for respondent.

**Keyser, J.** The respondent was convicted in Franklin Municipal Court on a plea of guilty to the charge of operating a motor vehicle on July 11, 1966 over a public highway while his right to operate a motor vehicle was under suspension by the Commissioner of Motor Vehicles. The court sentenced the respondent to the House of Correction for not less than four nor more than six months.

The records of Franklin Municipal Court disclosed two prior convictions of the respondent for the same offense. The court, having

personal knowledge of respondent's prior convictions, treated the 1966 conviction as a third offense and sentenced the respondent as a third offender under the provisions of 23 V.S.A. §674.

The case is here on respondent's appeal from his sentence. The sole issue presented is whether the respondent may be sentenced as a recidivist under the statute since the complaint, or information, did not charge the respondent with the prior convictions.

The statute, 23 V.S.A. §674 (a), reads:

"A person whose license or whose right to operate a motor vehicle has been revoked, suspended or refused by the commissioner of motor vehicles shall not operate or attempt to operate a motor vehicle upon a public highway until the right of such person to operate motor vehicles has been reinstated by such commissioner by subsequent license or otherwise. A person who violates a provision of this section shall be fined not more than $500.00 or be imprisoned not less than ten days nor more than thirty days for the first offense, not less than thirty days nor more than ninety days for a second offense, and shall be imprisoned not less than ninety days nor more than six months for a third offense and not less than ninety days nor more than two years for each subsequent offense."

The penalty provision of this statute was amended by act of the legislature in 1959. Previously, the statute provided an overall penalty, a fine of not more than $500.00 or imprisonment of not more than 2 years, or both. By the amendment the legislature did not alter the offense or provide for a severer penalty. Rather, it graduated the imprisonment that could be imposed by the court on a first, second, third and subsequent offender.

The above statute does not provide the procedure to be followed in a case involving a prior conviction or convictions. The intent of the legislature seems clear, however, that the penalty is to be graduated according to the status of the respondent as to prior similar convictions. It is equally clear that it was the legislative intent that the procedure to be followed in such cases be left with the court. Not being regulated in the statute, 23 V.S.A. §674, the manner of presenting the issues is discretionary with the trial court. 24B C.J.S. Criminal Law, p. 508.

Whether the fact of prior conviction of a respondent should be alleged in the complaint and proved upon trial of the principal offense has not received a uniform answer. 25 Am. Jur., Habitual Criminals @ 23.

With no statutory provisions to the contrary, and despite some authority to the contrary, it has been generally held, in order to subject an accused to the enhanced punishment for a second or subsequent offense it is necessary to allege in the indictment (complaint or information) the fact of a prior conviction or convictions. See Annotations: 58 A.L.R. 64; 82 A.L.R. 345, 366; also 42 C.J.S. Indictments and Information, p. 1056 §145.

Such allegation is necessary in order that the respondent be clearly informed of the charge he is called to meet and because the complaint must allege every fact affecting the degree of punishment. See Annotation: 58 A.L.R. 66, 67, 69.

Some courts regard the prior conviction as a part of the description and character of the offense and as an essential ingredient of such offense thus requiring the fact to be alleged and proved with the principal charge. *Massey* v. *United States,* (C.C.A. 8th) 281 Fed. 293; *State* v. *McClay,* 146 Me. 104, 146 A.2d 104; *Com.* v. *Payne,* 242 Pa. 394, 89 Atl. 559; *Com.* v. *Harrington,* 130 Mass. 35.

In *Commonwealth* v. *Harrington, supra,* the question was whether a male person who was convicted on a complaint for drunkenness which does not allege two previous convictions of a like offense within a year, can be sentenced to any greater penalty than the payment of a fine of one dollar as provided by statute. The court held that the clause of the statute which provides that it shall not be necessary in complaints under it to allege such previous conviction is inoperative and void as being contrary to the provisions of the Declaration of Rights saying this:

"When a statute imposes a higher penalty on a third conviction, it makes the former convictions a part of the description and character of the offense intended to be punished. *Tuttle* v. *Commonwealth,* 2 Gray 505. *Commonwealth* v. *Holley,* 3 Gray, 458. *Garvey* v. *Commonwealth,* 8 Gray, 382. It follows that the offense which is punishable with the higher penalty is not fully and substantially described to the defendant, if the complaint fails to set forth the former convictions which are essential features of it."

Redfield, Ch. J. said in *State* v. *Freeman,* 27 Vt. 523 at p. 526: "I entertain no doubt, that according to the general rules of pleading, it is necessary to allege the former conviction, in the indictment, when a higher sentence is claimed on that account." However, the court ruled it was not necessary "to make any averment of a like offence" since this was the provision of the act relating to traffic in liquor but did hold that the accused was entitled to a specification of offenses. *State* v. *Conlin,* 27 Vt. 319, also so held. In *State* v. *Bacon,* 41 Vt. 526, 532 the court said that this holding in the *Freeman* and *Conlin* cases was "undoubtedly in consequence of the general form of charging the offense, and to prevent possible injustice in the administration of the law."

In *State* v. *Sawyer,* 67 Vt. 239, 31 Atl. 285 the information charged the respondent with a violation of the liquor statute and also alleged his prior conviction under the same statute. The question presented by the case at bar was not involved in the *Sawyer* case but it does indicate the practice or procedure followed at the time (1894) under a similar statute which provided for an enhanced penalty for second and subsequent offenses.

Prejudice, actual or possible, to the rights of the defendant has led some courts to adopt a procedure in accordance with the express provisions of the English statute which requires that the defendant be first tried for the principal crime and then that the question of prior conviction be determined. Under this view, the information may be in two parts, the first charging the principal crime, and the second charging a prior conviction or convictions. After the jury return a verdict of guilty on the first part, the second part of the indictment (complaint or information) may be read to them without reswearing them, and they may be charged to inquire on that issue. 25 Am. Jur., Habitual Criminals, §23, citing Annotations: 58 A.L.R. 53, 55, 108; 82 A.L.R. 363, 386; 116 A.L.R. 227, 241, quod vide.

If the prosecution intends to ask that a greater punishment be imposed upon a respondent because of his prior conviction(s) under the statute in question, it is imperative that he have knowledge of such fact. The allegation of prior conviction(s) is necessary in order that the accused be clearly informed of the charge he is called to meet and properly prepare his defense. He has the fundamental right to presume he is fully informed against. Also, the complaint

must allege every fact affecting the degree of punishment. See Annotation: 55 A.L.R. 66, 67, 69; compare *State* v. *Ryea,* 97 Vt. 219, 221, 122 Atl. 422.

Notice of such intention by the prosecution must be given before arraignment, 24B C.J.S., Criminal Law, p. 485, or trial, *Lawrence* v. *United States,* D.C. App., 224 A.2d 306, 308, thus to provide the accused with the opportunity to intelligently resolve the propriety of insisting on his constitutional and statutory rights. This must be done by charging the principal offense and the prior conviction(s) in two parts in the complaint.

Even though a hearing on the charge of being an habitual criminal and trial of a felony charge may be conducted in a single proceeding, they are essentially independent of each other. *Chandler* v. *Fretag, Tenn.,* 75 S.Ct. 1, 348 U.S. 3, 99 L.Ed. 4.

The question of prior conviction(s) would be settled if the respondent admits such fact, or pleads nolo contendere thereto, on his arraignment. On the other hand, the respondent might deny the sufficiency of the record alleged as to his prior conviction(s) or his identity with the person so convicted, and request a jury trial. This, he is entitled to do. *State* v. *Haynes,* 36 Vt. 570, 571. Or, if a jury trial is waived, the question would be resolved by the court after hearing and findings of fact. 24B C.J.S., Criminal Law, p. 483, n. 40.

When the prior status of the accused is denied and the accused has been convicted of the principle offense, trial by jury then proceeds on that issue if such trial is requested. And it becomes the duty of the prosecuting officer to prove beyond a reasonable doubt the fact or facts denied. But the guilt or innocence of the repondent respecting any former conviction is not an issue.

Whether the question is for resolution by the court or jury, the matter of prior conviction(s) is to be withheld from the jury trying the principal charge. The fact of a prior conviction or convictions does not become material until after the conviction of the accused on the substantive offense on trial is established, *Heinze* v. *People,* 127 Colo. 54, 253 P.2d 596, and then only for the purpose of enabling the trial judge to impose the proper sentence.

A separate proceeding to determine the liability of an accused to punishment as a subsequent offender is a criminal rather

than a civil one, and the procedure in such a case is in general the same as in trials of criminal offenses, the respondent having the rights granted a respondent on trial for a criminal offense. 25 Am. Jur., Habitual Criminals, §31.

■ To project the issue of the accused's former conviction(s) into the trial for a subsequent offense, before verdict, practically deprives the respondent of the legal presumption of innocence, inevitably prejudices the jury against him, and takes from him his constitutional right to be convicted only by the judgment of his peers and due process of law.

It is our conclusion in the absence of statutory regulation in 23 V.S.A. §674 that the procedure outlined in the opinion is proper and should be followed. This procedure is ably set forth in *State* v. *Ferrone,* 96 Conn. 160, 175, 113 A. 452, 456-458 and was affirmed in *State* v. *Holloway,* 144 Conn. 295, 130 A.2d 562, 565.

These are the substantive requirements. Details of procedure may be left to court rule.

■ Since the complaint and the procedure in this case does not comply with the requirements held to be necessary, the case must be remanded for a new sentence on the charge laid in the complaint.

*Sentence of respondent is set aside and cause remanded for sentence to be imposed as a first offense.*