# State of Vermont v. Mark Flagg

[624 A.2d 864]

No. 92-027

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed March 12, 1993

*Marc D. Brierre*, Rutland County Deputy State's Attorney, Rutland, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *William Nelson* and *Henry Hinton*, Appellate Attorneys, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from a denial of his motion to dismiss, arguing that new legislation reclassifying his offense as a civil violation, rather than a criminal offense, should be applied retroactively under 1 V.S.A. § 214(c). We reverse.

On June 1, 1991, defendant was arrested for operating a motor vehicle with a suspended license (DLS) after his suspension period had expired and prior to the reinstatement of his license. On August 22, 1991, defendant was charged with violating 23 V.S.A. § 674 as it existed at the time of defendant's conduct. The Legislature had, however, reclassified defendant's offense, effective July 1, 1991, from a criminal misdemeanor to a civil traffic violation by enacting an amendment to 23 V.S.A. § 674 and a new section, 23 V.S.A. § 676. The penalty for defendant's particular conduct was decreased under the new law. Compare 23 V.S.A. §§ 674(a)(1) (prior to the 1991 amendment)(fine not more than $500 or imprisonment not more than thirty days or both for first offense), 2502(a)(3)(A) (ten points assessed to license) with 23 V.S.A. §§ 676 (civil traffic violation), 2302(c) (civil penalty of $175), 2502(a)(4)(C) (five points assessed to license).

Defendant's motion to dismiss the criminal charge, on the ground that, under 1 V.S.A. § 214(c), only a civil charge could be brought, was denied. Defendant pled guilty to violating 23 V.S.A. § 674, as the statute existed at the time of his offense, reserving the right to seek review of the denial of his motion to dismiss.

Vermont, like many other states, has a general saving statute designed to permit the prosecution of individuals who violate a law that is repealed prior to the prosecution and sentencing of their cases. Under Vermont's saving statute, the amendment or

repeal of an act shall not, except as provided in subsection (c), "[a]ffect any violation of the act . . . amended or repealed, . . . prior to the effective date of the amendment or repeal." 1 V.S.A. § 214(b)(3). Where, however, an amendment reduces the punishment for an offense, Vermont law provides the following ameliorative amendment clause, which is an exception to the saving clause:

> If the penalty or punishment for any offense is reduced by the amendment of an act or statutory provision, the same shall be imposed in accordance with the act or provision as amended unless imposed prior to the date of the amendment.

1 V.S.A. § 214(c).

Defendant argues that because Public Law No. 55 of 1991 reduced the penalty that could be imposed for his conduct, the new law should be applied retroactively under § 214(c). We agree. Section 214(c) applies where "the penalty or punishment for any offense is reduced." 1 V.S.A. § 214(c). Under the prior law, defendant's conduct constituted an offense carrying a penalty for the first offense of a fine of not more than $500 or imprisonment of not more than thirty days or both and ten points against his driving license. 23 V.S.A. § 674(a)(1) (prior to the 1991 amendment). Under the new law, this same conduct carries a reduced penalty of a maximum fine of $175 and five points against his driving license. 23 V.S.A. §§ 676, 2302(c), 2502(a)(4)(C). Thus, § 214(c) applies.

■ The State argues that the new legislation repealed the criminal offense of DLS after the suspension period has expired and prior to reinstatement of the license, and, therefore, § 214(c) regarding amendment of statutes does not apply. To support its argument, the State compares the language of the prior § 674, which criminalized defendant's conduct, to the new § 674, which does not include defendant's conduct as an offense. The new § 676, however, classifies defendant's conduct as a civil violation and provides for civil penalties. Taken as a whole, the 1991 amendment cannot be said to have removed all liability for defendant's conduct.

■ The State emphasizes the Legislature's choice in the numbering of the new laws and contends that the new laws ef-

fected a repeal of the prior § 674. As we have noted in the past, mere renumbering of a law does not indicate a repeal of the prior law; rather, the substance of the prior and new laws must be examined to determine whether the new scheme is essentially an amendment of the existing scheme. See *Myott v. Myott*, 149 Vt. 573, 576, 547 A.2d 1336, 1338 (1988) ("Although the parties have viewed the post-July 1, 1986 custody statute as a new law (probably because the codification section number was changed from the former law), it is more appropriate to view it as an amendment of the existing custody statute."). As other jurisdictions have stated: "Repeals coupled with new enactments are not equated at common law with outright repeals." *State v. Nichols*, 718 P.2d 1261, 1263 (Idaho Ct. App. 1986).

■ Instead of relying on the numbering of the new enactment in deciding whether it is an amendment, the court must determine whether the new enactment "carr[ies] forward the essential provisions of the old statute, preserving its viability," and whether the new enactment expresses the legislative intent to continue to treat the conduct as "culpable conduct, warranting punishment." *Id.* In the instant case, the conduct of driving with a suspended license after the suspension period has ended and prior to the reinstatement of the license continues to be treated as culpable conduct. The differences are that the conduct is now treated as a civil violation, rather than a criminal offense, and the penalties are reduced. Because the penalty for defendant's conduct has been reduced, the plain language of § 214(c) requires retroactive application of the reduced penalty.

■ The State's argument that the decriminalization of defendant's offense precludes the application of § 214(c) has no merit. The State provides no case law to support its contention. Instead, the State points out that most of the cases upon which defendant relies concern the mitigation of punishment for continued criminal liability. There are, however, several cases allowing retroactive application of new laws that reclassify particular conduct and thereby lessen the penalty for the conduct. See, e.g., *In re Estrada*, 408 P.2d 948, 950–51, 48 Cal. Rptr. 172, 175 (1965) (reclassifying escape into two categories, punishable by different penalties); *People v. Behlog*, 543 N.E.2d

69, 72, 544 N.Y.S.2d 804, 807 (1989) (reclassifying conduct from a felony to a misdemeanor).

▇▇ Moreover, there is case law supporting the retroactive application of new laws that decriminalize conduct. See, e.g., *People v. Oliver*, 134 N.E.2d 197, 202, 151 N.Y.S.2d 367, 374 (1956) (reclassifying offenses committed by individuals between the ages of twelve and fourteen from criminal to juvenile offenses, thereby reducing the penalty and changing the legal forum); cf. *United States v. Blue Sea Line*, 553 F.2d 445, 446 (5th Cir. 1977) (reclassification of federal offense from criminal to civil offense applied immediately to pending cases because procedural and remedial in nature); *United States v. Mechem*, 509 F.2d 1193, 1194–96 (10th Cir. 1975) (same). The fact that the new enactment accomplished more than a mere reduction of punishment, in that it reclassifies the offense as a civil violation, "does not affect its character as a legislative mitigation of punishment."* *People v. Oliver*, 134 N.E.2d at 202, 151 N.Y.S.2d at 374.

▇ The purpose of § 214(b)(3) and § 214(c) is to ensure that an accused is not relieved of liability due to a repeal of a statute, while at the same time ensuring that outdated, harsh penalties are not imposed after the Legislature has deemed them no longer necessary or appropriate. Our criminal system is not built on the principle of punishment for punishment's sake; thus, no purpose is served by imposing such punishment. See

---

* Neither does the reclassification bar the filing, under 23 V.S.A. § 676, of a civil traffic violation for defendant's pre-enactment conduct. The changes in the law are procedural changes: a lessened burden of proof and new summary procedures in the new forum, traffic court. A statutory change that is primarily procedural and remedial applies immediately. See, e.g., *United States v. Blue Sea Line*, 553 F.2d at 450 (new civil enforcement scheme had immediate applicability despite shift of forum from criminal proceedings in district court to administrative proceedings with a lowered burden of proof); *United States v. Mechem*, 509 F.2d at 1195–96 (reclassification of class of offenders as juveniles applicable immediately because statutory change provided a separate system for treatment of such juveniles and was predominantly procedural and remedial); *Turner v. United States*, 410 F.2d 837, 839, 841–42 (5th Cir. 1969) (new law applied to appellant's pending case despite the fact that procedural change withdrew right to hearing prior to ruling of an appeals board).

*id.* at 202, 151 N.Y.S.2d at 373–74. The policy behind the saving clause and its ameliorative exception is best served by applying the new laws retroactively to defendant's conduct. Defendant continues to be subject to punishment for his conduct, which is prohibited under the new 23 V.S.A. § 676, and thus the legislative intent of reducing the penalty will be carried out.

Defendant is correct that the reduced penalty applies; however, the case is before us on appeal from the denial of a motion to dismiss the criminal charge brought in district court. Such a dismissal would not result in defendant automatically receiving the reduced penalty. The Legislature clearly intended, however, that the reduced penalty be accompanied by a reduced burden of proof on the State and summary procedures in traffic court. Consequently, the motion to dismiss is granted with leave for the State to file a civil traffic complaint within thirty days.

*The order denying defendant's motion to dismiss is reversed, the conditional plea agreement is vacated, and the complaint is dismissed, with leave to file a civil complaint within 30 days.*