## State of Vermont v. Christopher J. Lafountain, et al.

[628 A.2d 1243]

No. 92-574

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 9, 1993

Motion for Stay Denied June 1, 1993

314

*Scot Kline*, Chittenden County State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, and *Gary Kessler*, Supervising Appellate Prosecutor, and *Peter L. Potts*, Legal Intern, Montpelier, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *William Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant Lafountain brings this interlocutory appeal from an order denying his motion to dismiss a misdemeanor charge of driving with a suspended license (DLS) in violation of 23 V.S.A. § 674(b). Defendant's primary argument is that the State's use of his two prior uncounseled civil violations to enhance the penalty for a third charge violates his constitutional rights to counsel and due process. Defendant also challenges the sufficiency of the information, the nature of proof required by § 674, and the nonbifurcated trial below. We affirm.

Prior to the charge at issue, defendant was twice found to have committed DLS violations under 23 V.S.A. § 676. On June

3, 1992, defendant was charged with violating § 676 for the third time, which constitutes a criminal misdemeanor offense under 23 V.S.A. § 674.

The only sanction for a first or second § 676 DLS violation is a civil penalty, carrying a maximum fine of $175.00. 23 V.S.A. § 2302(c). For further violations, however, 23 V.S.A. § 674(b) provides that "[a] person who violates section 676 of this title for the third or subsequent time shall be subject to the penalties set forth in subsection (a) of this section." The penalty for violation of § 674 is imprisonment for not more than two years, with a mandatory minimum of two consecutive days to serve that may not be suspended or deferred, or a fine of not more than $5,000.00, or both. 23 V.S.A. § 674(a).

Defendant's primary contention is that § 674(b) violates his rights to counsel and due process. Even though he was not entitled to counsel in his civil proceedings, see *State v. O'Brien*, 158 Vt. 275, 277, 609 A.2d 981, 982 (1992) (license suspension proceeding under 23 V.S.A. § 1205 is not criminal, and therefore does not mandate a jury trial, appointed counsel, protection against self-incrimination, proof beyond a reasonable doubt or confrontation as protected by the Sixth Amendment); *Shaw v. Vermont District Court*, 152 Vt. 1, 6–7, 563 A.2d 636, 639–40 (1989) (because summary suspension hearing is civil proceeding, not criminal, right under Vermont Constitution to trial by jury does not apply), defendant claims that the prior uncounseled violations cannot be used to enhance his penalty for the current violation. He argues that the trial court erroneously based its decision on *Lewis v. United States*, 445 U.S. 55 (1980). In *Lewis*, the United States Supreme Court held that a defendant's prior uncounseled felony conviction may support a subsequent conviction under a federal firearms statute, regardless of whether the prior conviction was valid. *Id.* at 56. *Lewis* is distinguishable from the case at bar because the Court in *Lewis* concluded that the statute did not function to enhance the penalty based on prior convictions, but rather prohibited felons from possessing firearms. Thus, in *Lewis* the prior convictions were used to identify a class of potentially dangerous persons, not to enhance the penalty for a subsequent offense. In the case at bar, however, § 674 mandates penalty enhancement. Prior violations under § 676 are used to enhance the penalty for subsequent

prosecutions of the same type of conduct. Accordingly, we agree that *Lewis* does not control the outcome of this case.

■ This Court is not bound by the legal reasoning of the trial court. See *Gochey v. Bombardier, Inc.*, 153 Vt. 607, 613, 572 A.2d 921, 925 (1990) (trial court's order affirmed on different legal grounds). We hold that *Baldasar v. Illinois*, 446 U.S. 222 (1980), rather than *Lewis*, supports the trial court's order.

In *Baldasar*, the petitioner, who had a prior uncounseled misdemeanor theft conviction, was convicted, for the second time, of theft of property. Under the applicable state law, the second misdemeanor was treated as a felony. The Court, although divided, concluded that the prior uncounseled misdemeanor conviction, which was punishable by more than six months of prison, could not be used under a penalty enhancement statute to convert a subsequent misdemeanor into a felony. *Id.* at 223–24.

■ Accompanying the per curiam opinion in *Baldasar* are two concurrences and one dissent. In two separate opinions, four justices were of the opinion that prior uncounseled convictions could never be used to enhance the grading and sentencing of a second offense. *Id.* at 224 (Stewart, J., concurring) (joined by Justices Brennan and Stevens); *id.* at 225–26 (Marshall, J., concurring) (joined by Justices Brennan and Stevens). Another four justices were of the opinion that a prior uncounseled conviction for which no sentence of imprisonment was imposed may always be used to enhance the grading and sentencing of a subsequent conviction. *Id.* at 233 (Powell, J., dissenting) (joined by Chief Justice Burger, Justices White and Rehnquist). Finally, one justice wrote that an uncounseled conviction may not be used to enhance the grading and sentencing of a subsequent offense if the first offense was one which was punishable by more than six months imprisonment or for which the defendant was actually sentenced to a term of imprisonment. *Id.* at 229 (Blackmun, J., concurring). Justice Blackmun's opinion gives us the narrowest rule. Thus, under the narrowest interpretation of the *Baldasar* plurality, see *Marks v. United States*, 430 U.S. 188, 193 (1977) (mandating that plurality opinions be interpreted on the "narrowest grounds" possible), defendant's prior uncounseled § 676 civil DLS violations may be

used to enhance grading and sentencing for his most recent offense under § 674. Other jurisdictions have derived the same rule from *Baldasar*. See *Bilbrey v. State*, 531 So. 2d 27, 32 (Ala. Crim. App. 1987); *State v. Orr*, 375 N.W.2d 171, 176 (N.D. 1985); *State v. Chance*, 405 S.E.2d 375, 376 (S.C. 1991).

Since *Baldasar*, the Court has further explained its position on recidivism statutes. In *Parke v. Raley*, — U.S. —, —, 113 S. Ct. 517, 521 (1992), the Court stated that "[s]tatutes that punish recidivists more severely than first offenders have a long tradition in this country that dates back to colonial times." *Parke* involved a constitutional challenge to a burden-shifting provision of a Kentucky penalty enhancement statute. Although states do not have unlimited scope in defining enhancement penalties within recidivism statutes, the Court has repeatedly upheld recidivism statutes "against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Id.* at —, 113 S. Ct. at 522. The Court noted with approval Justice Harlan's statement that "'[t]olerance for a spectrum of state procedures dealing with [recidivism] is especially appropriate' given the high rate of recidivism and the diversity of approaches that the States have developed for addressing it." *Id.* at —, 113 S. Ct. at 552 (quoting *Spencer v. Texas*, 385 U.S. 554, 566 (1967)). The Court concluded that the Kentucky recidivist statute "easily" satisfied constitutional muster. *Id.*

Although the United States Supreme Court was addressing the narrow question of whether a specific criminal procedure in an enhancement statute was constitutional, the principles stated in *Parke* are applicable to the present case. *Parke* endorses tolerance of the state legislature's attempts to address the problem of recidivism. Vermont has recently attempted to handle repeat DLS offenders by creating a recidivism statute, placing three-time offenders in a separate category from first- and second-time offenders. Three-time offenders are subject to criminal sanctions that are predicated on the previous civil violations. Defendant's due process challenge cannot stand in the face of the *Parke* decision.

Defendant also contends that the information fails to charge any crime because defendant's repeat-offender status

was not fully pled and should be dismissed on that basis. We reject this argument. The information cited the statute defendant was accused of violating, the dates of his two previous civil DLS violations, and the penalty for the present offense. This was sufficient to apprise defendant that the § 674 charge stemmed from his prior § 676 violations. See *State v. Brown*, 153 Vt. 263, 271–73, 571 A.2d 643, 648–49 (1989) (Court favored common sense approach to constitutional sufficiency of an information).

■ Next, defendant challenges the nature of the proof required by § 674. He contends that the statute requires that the State prove the prior civil violations at the § 674 criminal trial. The text provides that "[a] person who violates section 676 of this title for the third . . . time shall be subject to the penalties set forth in subsection (a) of this section." 23 V.S.A. § 674(b). Defendant argues that by using the term "violates" in § 674(b) instead of "has been convicted," the Legislature intended that the State prove each of defendant's two previous civil violations rather than merely rely on the existence of previous violations. We disagree. The text does not require that the State prove each previous civil violation. If the Legislature had wanted the State to prove the prior violations in the criminal prosecution, it could have easily so specified.

■ Finally, defendant incorrectly insists that *State v. Cameron*, 126 Vt. 244, 227 A.2d 276 (1967), mandates a bifurcated trial here. *Cameron* was limited to requiring a bifurcated trial where the record itself was questioned, not the merits of the previous convictions. *Id.* at 249, 227 A.2d at 279. *Cameron* is inapplicable in the present case because defendant wishes to challenge the merits of the prior convictions, not merely the record. We conclude that the proof of prior violations is sufficient in a § 674(b) prosecution.

*Affirmed.*