## State of Vermont v. Jeffrey L. LeClair

[702 A.2d 628]

No. 96-420

Present: Amestoy, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed August 1, 1997

*Robert L. Sand,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellant.

*Robert Appel,* Defender General, and *William A. Nelson,* Appellate Attorney, Montpelier, for Defendant-Appellee.

**Dooley, J.** The State brings this interlocutory appeal from an order of the Vermont District Court, Franklin Circuit, dismissing a repeat-offender prosecution for driving with a suspended license (DLS) in violation of 23 V.S.A. § 674(c) because one of the prior predicate adjudications was vacated. The State argues that the third DLS adjudication allows criminal penalties under § 674(c) even if one or both of the earlier adjudications were invalid. The trial court rejected the State's arguments and granted defendant's motion to dismiss. We agree and affirm.

Defendant was charged with criminal DLS in violation of 23 V.S.A. § 674(c), which states: "A person who violates section 676 of this title for the third or subsequent time shall be subject to the penalties set forth in subsection (a) of this section." The penalty set forth in § 674(a) is imprisonment for not more than two years, or a fine of not more than $5000, or both. Section 676 provides that in certain circumstances a person who operates or attempts to operate a motor vehicle when his or her license or privilege to operate is revoked, suspended or refused commits a civil traffic violation.

These charges against defendant were predicated upon two prior civil DLS violations under 23 V.S.A. § 676, one occurring on October 4, 1991 and the other on January 3, 1994. Following arraignment on the § 674(c) charge, defendant moved in the Vermont Traffic Bureau to reopen the civil § 676 adjudications. The Traffic Bureau hearing officer granted the motions to reopen the § 676 cases and set them for rehearings. Defendant then filed a motion to dismiss the § 674(c) prosecution under V.R.Cr.P. 12(d) (lack of prima facie case) on the ground that the State would be unable to prove the alleged predicate violations. Before the hearing on the 12(d) motion, the Traffic Bureau

vacated one of the two § 676 convictions. Thereafter, the trial court granted defendant's motion to dismiss the § 674(c) charge.[1]

The State phrases this as a temporal question, arguing that the two former adjudications must exist at the time of the third instance of DLS, rather than at trial.[2] The effect of the State's position is, however, that the State can rely on invalid predicate adjudications except when they are stricken prior to the motor vehicle operation that forms the basis for the criminal prosecution. Accordingly, we prefer to phrase the issue as whether the State can rely on invalid predicate adjudications to fulfill the element of the offense created by § 674(c).

█ Repeat-offender statutes can be classified into two different types: status-offense statutes and penalty-enhancement statutes. For status-offense statutes, the element of the offense is the fact of the prior conviction, irrespective of its validity. The primary case on which the State relies, *Lewis v. United States*, 445 U.S. 55 (1980), involved a status-offense statute. The defendant in *Lewis* was charged with the federal offense of possessing a firearm after being convicted of a felony by a state court. He attempted to defend on the ground that he had been unconstitutionally denied the right to counsel in connection with the predicate felony conviction. The United States Supreme Court rejected Lewis's challenge, concluding that Congress had manifested no intent to permit collateral attacks upon prior state convictions in federal criminal proceedings. *Id.* at 60. The Court distinguished the status-offense statute in *Lewis* from cases that involved penalty-enhancement statutes where the sentence was overturned. See *United States v. Tucker*, 404 U.S. 443, 447-49 (1972)

---

[1] In an earlier case involving a different defendant, the court had ruled that the State was required to show two prior, unvacated final adjudications of DLS at the time of trial. In that case the two civil DLS adjudications had been reopened, but not vacated; here, one of defendant's prior civil adjudications had been reopened as well as vacated. We limit our holding to instances where one or more of the predicate judgments is vacated, as in this case.

[2] Section 674(c) contains no requirement that there be former adjudications, allowing for the possibility that the State could prove two former violations that did not lead to adjudications as part of its criminal case. The trial court discussed this issue and concluded that the State could use prior violations that did not lead to adjudications, but could not use as a past violation conduct that was the subject of a civil traffic adjudication which the State lost. We need not address this issue in the posture of this case. The only alleged past violations involved are the two for which civil adjudications were held, and the State does not claim that it can meet its burden under § 674(c) by proving in the criminal proceeding that defendant actually violated § 676 on the instance for which the civil adjudication has been vacated.

(holding that uncounseled conviction could not be considered by court in sentencing defendant after subsequent conviction); *Burgett v. Texas*, 389 U.S. 109, 115-16 (1967) (holding that uncounseled convictions could not be used for enhancement of punishment under state's recidivist statute). The Court reasoned that the federal gun laws focus not on reliability of past convictions, but rather on Congress's intent to keep firearms away from potentially dangerous persons. *Lewis*, 445 U.S. at 67.

■ Penalty-enhancing statutes, on the other hand, increase the penalties for subsequent violations of the same criminal law, or recidivism. As a consequence, the enhanced penalties depend on proof of former criminal activity, usually through valid criminal convictions. See *State v. Brown*, 165 Vt. 79, 85, 676 A.2d 350, 354 (1996) (DUI law contains sentence-enhancement provision, which cannot be invoked where former convictions involved violations of right to counsel).

We decided that § 674(c) is a penalty-enhancement provision in *State v. Lafountain*, 160 Vt. 313, 628 A.2d 1243 (1993), and specifically rejected the applicability of *Lewis*:

> Thus, in *Lewis* the prior convictions were used to identify a class of potentially dangerous persons, not to enhance the penalty for a subsequent offense. In the case at bar, however, § 674 mandates penalty enhancement. Prior violations under § 676 are used to enhance the penalty for subsequent prosecutions of the same type of conduct. Accordingly, we agree that *Lewis* does not control the outcome of this case.

*Id.* at 315-16, 628 A.2d at 1245. The holding of *Lafountain* is directly contrary to the State's position, and we must overrule it if we are to accept the State's argument.

The State urges us to overrule *Lafountain* because (1) its reasoning is contrary to the intent of the Legislature, (2) it offends the policy of finality of adjudication, and (3) reopening of civil DLS adjudications interferes with the fair administration of justice. The main focus of the State's first argument is that the threshold for criminal liability is three DLS violations, so it must be considered a status offense. It relies on the action of the Legislature in decriminalizing first- and second-offense DLS, leaving the current criminal threshold. The State's argument was considered in *Lafountain* and rejected. See *Lafountain*, 160 Vt. at 317, 628 A.2d at 1246. Further, we held in *State v. Flagg*, 160 Vt. 141, 144-45, 624 A.2d 864, 866 (1993), that the intent of the Legislature in adopting the current scheme was to reduce

penalties, not to create new offenses. Finally, we reiterate that "[t]he increased penalty for a subsequent offense does not repunish a defendant for the first offense, but rather punishes with greater severity the last offense committed by the defendant." *State v. Porter*, 164 Vt. 515, 519, 671 A.2d 1280, 1283 (1996). The Legislature's different treatment of first- and second-offense DLS did not change the essential nature of its treatment of third-offense DLS. The language of the statute is consistent with the intent to increase punishments for recidivist conduct, and the State has presented no other rationale for the statutory scheme. We decline to overrule *Lafountain*.

■■ The State's other arguments address the action of the Traffic Bureau in reopening, and subsequently vacating, the prior DLS adjudication. The action of the Bureau is not before us in this criminal case. The State is a party to civil traffic adjudications and can raise its arguments in those proceedings, appealing to the district court or to this Court, if necessary.

*Affirmed.*