Munson Earth Moving Corp. v. City of S. Burlington, No. S0346-09 CnC (Toor, J., Oct. 12, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| MUNSON EARTH MOVING CORP.<br> Plaintiff<br><br> v.<br><br>CITY OF SOUTH BURLINGTON<br> Defendant | Docket No. S0346-09 CnC |

DECISION ON MOTION TO DISMISS CLAIM FOR FEES

Defendant moves to dismiss the portion of the complaint in this case that seeks attorney's fees. Defendant City argues that the Prompt Pay Act provision allowing for such fees expired and has not been effectively renewed. Specifically, the City argues that although the legislature clearly intended to strike the "sunset" provision that terminated the right to fees, because the corrective legislation was not made effective until July 1, 1996, a day after the June 30, 1996 expiration, it had no legal effect. The City cites as support the dissenting opinion of a trial judge sitting by designation in the Supreme Court in Burton v. Jeremiah Beach Parker Restoration, 2010 VT 55, ¶ ¶ 23-27.

The court respectfully disagrees with its fellow jurist. The underlying goal of interpreting statutes is to determine the intent of the Legislature. Cyr v. McDermott's, Inc., 2010 VT 19, ¶ 15. Since that intent is manifestly clear here, it can only be ignored if some overriding legal principle forbids applying that intent. The City cites no such principle. To the contrary, Munson cites authority to support applying the Legislature's intent. Specifically, Munson cites the doctrine that "if a statute is in existence at the time of the enactment of an amendatory statute, the fact that it expires before the date when

the amendatory statute becomes effective does not invalidate the amendatory statute." 73 Am. Jur. 2d, Statutes § 265. Although the City attempts to distinguish the case cited in the American Jurisprudence discussion, the court does not find that attempt persuasive. Whether the Legislature knew or did not know that the expiration date would precede by one day the effective date of the amendment, its intent was crystal clear. "It is the rule that the latest expression of the legislative will must prevail." Town of Bennington v. Vail, 117 Vt. 395, 399 (1952).

The City also argues that whatever the usual rule of statutory interpretation, Vermont law is different. It cites 1 V.S.A. § 214, which states: "The amendment or repeal of an act or provision of the Vermont Statutes Annotated shall not revive an act or statutory provision which has been repealed." The City argues that the sunset provision was a "repeal," and that the amendment striking it is therefore ineffective under Title 1. However, the sunset provision was not a "repeal," which would be a later legislative act undoing the first statute. It was instead a provision in the first statue setting an expiration date for an experimental provision. The amendment merely struck that expiration date. While the effect of repeal and expiration may be the same, they are distinct. "[A] statute that is repealed is treated differently from one that has expired by its own terms." In re Minnesota Dept. of Commerce for Com'n Action Against AT & T, 759 N.W.2d 242, 251 (Minn. App. 2009). *Accord*, Gilman v. Morse, 12 Vt. 544, 549 (1840) (referring distinctly to two different categories: "the repeal of a general law, and its expiring by its own limitation"); Police Officers' Federation of Minneapolis v. City of Minneapolis, 2001

WL 856021, *3 n. 6 (D. Minn. 2001)(sunset provision is one that "expires naturally, without repeal"). Title 1 refers only to repeals.[1]

Thus, the court concludes that the intent of the Legislature -- to extend the provision allowing for attorney's fees in construction disputes -- should be enforced.

<u>Order</u>

The motion to dismiss the claim for fees is denied.

Dated at Burlington, Vermont this 11th day of October, 2010.

_____
Helen M. Toor
Superior Court Judge

---

[1] Moreover, a change in a statute -- here, the expiration of one provision -- is not the equivalent of a repeal of a statute. <u>State v. Flagg</u>, 160 Vt. 141, 143-44 (1993).