NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 53

No. 2016-172

State of Vermont                                                    Supreme Court

                                                                    On Appeal from
    v.                                                              Superior Court, Chittenden Unit,
                                                                    Criminal Division

Hassimiou Bangoura                                                  February Term, 2017


A. Gregory Rainville, J.

Gregory Nagurney, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.


PRESENT:  Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.    **EATON, J.**   Hassimiou Bangoura appeals his conviction for driving under the influence (DUI), second offense, following a jury trial.  He argues that his conviction must be reversed because of what he claims was error in how the trial court established the existence of a predicate DUI offense.  We affirm.

¶ 2.    On December 13, 2014, defendant was arrested for DUI on Interstate 89 in South Burlington, in violation of 23 V.S.A. § 1201(a)(2).  He was subsequently charged with DUI, second offense, based on that incident and an alleged earlier conviction for a DUI in 2009, pursuant to 23 V.S.A. §§ 1201(a)(2), 1210(c).

¶ 3.    Defendant had a bifurcated jury trial in April 2016.  In the first stage of the trial, the question before the jury was whether defendant drove under the influence on December 13,

2014. Had the jury reached the second phase of the trial, it would have been presented with the question of whether or not defendant had any prior DUI convictions that would have exposed him to an enhanced sentence. Id. § 1210(c) (providing that person who is convicted of second violation of § 1201 shall be fined up to $1500, subject to prison term of up to 2 years, and required to either perform at least 200 hours of community service or serve 60 consecutive hours of sentence of imprisonment); see also State v. Cameron, 126 Vt. 244, 249, 227 A.2d 276, 279 (1967) (outlining procedural requirements for bifurcated trial "[w]hen the prior status of the accused is denied and the accused has been convicted of the principal offense"). While the jury was deliberating the DUI charge, however, defendant's counsel stipulated to defendant's prior DUI conviction. Defendant was present when the attorney made the stipulation, and there was no objection. In response to the stipulation, the court informed the parties that "we don't have to bifurcate the trial, have the jury deliberate on the issue of whether it's a DUI II or not, then." Again, neither defendant nor his counsel objected to the court's statement.

¶ 4. The jury returned a verdict of guilty of DUI in violation of 23 V.S.A. § 1201(a)(2). At that point, the State moved to admit a certified copy of the defendant's prior DUI conviction, and defendant's counsel stipulated to its admission. Defendant did not object. As a result, the court did not submit the issue of the predicate DUI conviction to the jury, nor did it make a finding that the stipulation had established that element of the offense of DUI, second offense beyond a reasonable doubt. Instead, the court entered an adjudication of guilt for the DUI second offense and set sentencing for a later date. Following defendant's sentencing, he appealed to this Court.

¶ 5. On appeal, defendant raises two grounds for reversal. First, he argues that his counsel's stipulation to his prior DUI conviction deprived him of his right to a jury determination of that issue, and he argues that the court should not have accepted the stipulation because any waiver of his right to a jury trial had to be made by him personally rather than through counsel. Second, defendant contends that the court was required to find that the stipulation proved the

2

existence of a predicate DUI beyond a reasonable doubt, and because the court did not make that finding, his conviction must be reversed because not all of the elements of DUI, second offense were proven to the requisite standard. Defendant does not dispute the existence of the predicate DUI conviction.

¶ 6. Because defendant did not preserve either of his objections in the trial court, we review only for plain error. See V.R.Cr.P. 52(b). Vermont Rule of Criminal Procedure 52(b) "states the general proposition that an appellate court will notice errors not properly raised before it if they are obvious and affect the fair administration of justice or defendant's constitutional rights. Exercise of the power is exceptional but may be on the court's own motion . . . ." Reporter's Notes, V.R.Cr.P. 52(b). Plain error exists when the asserted error: (1) is "obvious"; (2) "affects substantial rights" of the defendant; (3) brings prejudice to the defendant; and (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings." State v. Myers, 2011 VT 43, ¶ 29, 190 Vt. 29, 26 A.3d 9 (quotation omitted).

¶ 7. As we have explained before, for this Court to grant relief under the plain-error standard, "[p]rejudice must exist to demonstrate that error undermined fairness and contributed to a miscarriage of justice." State v. Pelican, 160 Vt. 536, 539, 632 A.2d 24, 26 (1993). Accordingly, even if we were to agree with defendant that there was error associated with the court's treatment of his prior conviction,[*] he is entitled to relief only if he can establish prejudice. See Myers, 2011 VT 43, ¶ 29; Pelican, 160 Vt. at 539, 632 A.2d at 26. Prejudice relates to the impact that any error might have had on the outcome of the trial. See Myers, 2011 VT 43, ¶ 31 (acknowledging

---

[*] Because defendant cannot establish that he was prejudiced by the alleged errors in this case, we do not reach the merits of those arguments. See Myers, 2011 VT 43, ¶ 31 (affirming conviction even where defendant's constitutional rights were violated because defendant was not prejudiced by error). Nevertheless, we note that we have previously held that where defense counsel stipulated to the elements of a crime in open court with the defendant present, the defendant implicitly waived any objection to that stipulation. State v. Loveland, 165 Vt. 418, 421, 684 A.2d 272, 275 (1996) ("To the extent defendant contested the stipulation, it was his obligation to speak at that time.").

constitutional error but declining to grant relief under plain error standard because outcome in defendant's trial would not have changed absent error).

¶ 8.    Here, both of the alleged errors that defendant claims—that the court should not have accepted as sufficient counsel's stipulation to a prior DUI conviction and that the court did not make sufficient findings to establish that defendant had a prior DUI conviction—relate to defendant's prior conviction, the existence of which defendant does not challenge.  The fact that defendant does not challenge his prior conviction draws into focus the nature of his appeal: defendant seeks a new trial in order to relitigate an issue that he does not contest.  The errors that defendant claims do not undermine confidence in the outcome of the trial, given that he does not dispute the existence of the predicate conviction or argue that he was not the person convicted. See id.  A certified copy of the prior conviction was received in evidence without objection, and, as such, there is no reasonable chance that a jury, at a new trial, would find that defendant did not have a prior conviction for DUI.  Even if we were to agree with defendant that there was error in his trial, the outcome would undoubtedly be the same.

Affirmed.

FOR THE COURT:

_____
Associate Justice

4